■ In the Matter of RICHARD N. DIAMOND, Appellant, v THOMAS SOBOL, as Commissioner of Education of the State of New York, Respondent.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of respondent which revoked petitioner's license to practice medicine in New York.

Following an affirmance by the United States Court of Appeals for the Second Circuit of petitioner's conviction of 15 counts of mail fraud and 24 counts of submitting false Medicare claims, the State Board of Professional Medical Conduct charged petitioner with violating Education Law § 6509 (5) (a) (ii) and referred the matter to a Regents Review Committee (hereinafter RRC) under the expedited procedure of Public Health Law § 230 (10) (m) (iv). In advance of that hearing, at which petitioner testified, petitioner submitted documentary evidence and memoranda of law in mitigation of the sanction to be imposed, and the Office of Professional Medical Conduct (hereinafter OPMC) submitted, *inter alia,* the judgment of conviction, an indictment, the Federal Government's sentenc-

ing memorandum, sentencing minutes, a probation report, a letter from petitioner's probation officer, the Circuit Court's decision and a memorandum of law. The RRC by a 2-to-1 vote recommended revoking petitioner's license to practice as a physician, which recommendation the Board of Regents adopted and respondent acted upon. Petitioner commenced this proceeding challenging the Board's determination and respondent's order entered thereon. Petitioner argues that the RRC inappropriately considered evidence of misconduct other than the 39 criminal counts on which he was convicted, thereby improperly expanding the scope of the expedited hearing; that the OPMC unfairly used hearsay and innuendo in the direct referral proceeding; and that the penalty imposed is disproportionately harsh given that this is his first conviction and the extent of the fraud was minor.

Public Health Law § 230 (10) (m) (iv) limits the expedited procedure, in cases of criminal or administrative violations, to "evidence and testimony relating to the nature and severity of the penalty to be imposed upon the licensee". However, by analogy to criminal sentencing, aggravating and mitigating circumstances are certainly relevant in determining the sanction to be imposed *(see, People v Moseley,* 20 NY2d 64, 68), as are considerations of societal protection, rehabilitation and deterrence *(see, People v Whiting,* 89 AD2d 694, 695). Here, the RRC considered evidence that the 39 counts upon which petitioner was convicted were merely a sampling of his fraudulent activity. Reference by OPMC's counsel to the 595 additional occasions of double-billing, 362 of which were rejected by Blue Cross/Blue Shield, was quite relevant to dispute petitioner's suggestion at the hearing that while he assumed general responsibility for the crimes, they were either merely mistakes or fraud of which he had no actual knowledge. And evidence of other uncharged misconduct referred to at the hearing refuted petitioner's claim that this violation should be treated as a first offense. Finally, evidence that the potential for rehabilitation is slight was clearly appropriate.

It is no longer open to challenge that hearsay is admissible in an administrative proceeding so long as the fundamentals of a fair hearing are not violated *(see, Matter of Maxfield v Tofany,* 34 AD2d 869, 870). Indeed, "introduction of evidence which is even somewhat prejudicial will not require reversal" *(Matter of Freymann v Board of Regents,* 102 AD2d 912, 913, *appeal dismissed* 64 NY2d 645). Moreover, even in criminal sentencing, courts are allowed to take into consideration hearsay and facts other than those from which the conviction

itself derives in arriving at a proper sanction (see, United States v Rosner, 549 F2d 259, 263, cert denied 434 US 826). In the matter at hand, the hearsay relied upon was from generally reliable sources, but more important to petitioner's right to a fair hearing, he had ample opportunity to rebut the hearsay and any extraneous allegations of wrongdoing at the hearing.

Lastly, we do not find the sanction imposed "shocking to one's sense of fairness" or "disproportionate to the misconduct" (Matter of Pell v Board of Educ., 34 NY2d 222, 234), in light of the agency's "serious view" toward this type of conduct, petitioner's apparent lack of remorse and his slight potential for rehabilitation. That the counts upon which defendant was convicted entailed only some $549 in overcharges does not render the violation de minimis, for the proof is that this misconduct was part and parcel of a prolonged pattern of intentional double-billing fraught with deceit.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Yesawich, Jr., Harvey and Mercure, JJ., concur.