■ In the Matter of DAVID BELDENGREEN, Petitioner, v THOMAS SOBOL, as Commissioner of the Department of Education of the State of New York, et al., Respondents.—Harvey, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510 [5]) to review a determination of respondent Commissioner of Education which revoked petitioner's license to practice dentistry in New York.

Petitioner, a dentist licensed to practice in New York, was charged with one specification of professional misconduct by

the Department of Health based entirely upon petitioner's convictions (following his pleas of guilty in Supreme Court, New York County) of two counts of grand larceny in the second degree *(see,* Education Law § 6509 [5] [a] [i]). Such convictions arose out of petitioner's admitted participation in two separate Medicaid fraud schemes involving the theft of huge sums of money. Pursuant to Education Law § 6510 (2) (d), the disciplinary matter was referred directly to a Regents Review Committee (hereinafter the Committee) for an expedited hearing. Thereafter, the Committee issued a report finding that the charges had been proven by a preponderance of the evidence and recommended revocation of petitioner's license to practice dentistry. Respondent Board of Regents agreed with this report and, thereafter, respondent Commissioner of Education executed an order revoking petitioner's license. Petitioner subsequently commenced this CPLR article 78 proceeding challenging the determination. His request for a stay of the penalty pending review, however, was not granted.

We confirm. Although petitioner does not contest either his guilt or the validity of the underlying convictions, he does challenge the propriety of the penalty imposed. It is our view, however, that the sanction of revocation was neither "shocking to one's sense of fairness" or "disproportionate to the misconduct" *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 234; *see, Matter of Diamond v Sobol,* 145 AD2d 786, 788). Although petitioner's cooperation in the later prosecution of other participants to the crimes was laudable, in light of the intentionally fraudulent and deceitful nature of the two separate schemes in which petitioner was involved it cannot be convincingly argued that respondents exceeded their discretion in choosing a penalty.

Petitioner's remaining arguments have been examined and have been found to be lacking in merit. Despite petitioner's contentions otherwise, the record indicates that respondents did indeed have before them certain mitigating evidence offered by petitioner relating "to the nature and severity of the penalty to be imposed" (Education Law § 6510 [2] [d]). The mere fact that the Committee did not make reference to this evidence in its report is not significant because there is no requirement that respondents detail the evidence relied upon in reaching their determination *(see, Matter of Eisenberg v Sobol,* 156 AD2d 787, 788-789). As for petitioner's final claim that he was deprived of his due process rights by respondents' failure to provide him with the recommendation of the Committee prior to its consideration by the Board of Regents, this

exact argument has previously been considered and rejected by this court *(see, supra* at 789).

Mahoney, P. J., Casey, Weiss and Mikoll, JJ., concur. Adjudged that the determination is confirmed, and petition dismissed, without costs.