■ In the Matter of MERLIN HIDALGO, Petitioner, v THOMAS SOBOL, as Commissioner of Education of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of respondent Commissioner of Education which revoked petitioner's license to practice medicine in New York.

Petitioner's criminal conviction of, inter alia, grand larceny in the second degree and 63 counts of offering a false instrument for filing in the first degree was based on his practice over an extended period of time of submitting false Medicaid forms. Upon then being charged and found guilty of professional misconduct, his license to practice medicine was revoked. In this proceeding to review the revocation of his license, petitioner attacks only the severity of the penalty. However, given petitioner's "prolonged pattern * * * fraught with deceit" of submitting false Medicaid claims (Matter of Diamond v Sobol, 145 AD2d 786, 788), we do not find the penalty imposed to be shocking to the court's sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222, 234) and decline to disturb the penalty. We also reject petitioner's argument that his license could not be revoked because he was required as a condition of his probation to work as a doctor in a clinic. Respondent Board of Regents was responsi-

ble for determining the discipline to be imposed upon the determination of misconduct (Education Law § 6510-a [2]). Petitioner's remedy with respect to his terms of probation is to advise the sentencing court of the revocation of his license so that alternate arrangements can be made.

Mahoney, P. J., Casey, Yesawich Jr. and Mercure, JJ., concur. Adjudged that the determination is confirmed, and petition dismissed, without costs.