■ In the Matter of AMMAJI MANYAM, Petitioner, v THOMAS SOBOL, as Commissioner of Education of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of respondent Commissioner of Education which revoked petitioner's license to practice medicine in New York.

After being convicted of conspiracy in the fourth degree and attempted grand larceny in the second degree based upon her participation in a scheme to defraud the State Medicaid program, petitioner was charged with professional misconduct in violation of Education Law § 6509 (5) (a) (i). The Regents Review Committee, to which the matter had been directly

referred for the purpose of conducting a hearing on the issue of petitioner's penalty, recommended that petitioner's license to practice medicine be revoked. Respondent Commissioner of Education ultimately issued an order in conformity with that recommendation. Petitioner's sole contention is that the penalty imposed is unusually severe because her misconduct was economic in nature and had no impact on patient care. We disagree. In view of the fraudulent and deceitful nature of petitioner's conduct and the harm done to the Medicaid system *(see, Matter of Beldengreen v Sobol,* 175 AD2d 423, 424; *Matter of Diamond v Sobol,* 145 AD2d 786, 788), we find the penalty of revocation neither "shocking to one's sense of fairness" nor "disproportionate to the misconduct" *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 234).

Mikoll, J. P., Yesawich Jr., Levine, Mercure and Crew III, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.