■ In the Matter of THOMAS J. SABUDA, Petitioner, v NEW YORK STATE EDUCATION DEPARTMENT et al., Respondents. [600 NYS2d 784] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Education Law § 6510 [5]) to review a determination of respondents which revoked petitioner's license to practice dentistry in New York.

Petitioner, a licensed dentist practicing in the Village of Springville, Erie County, was charged by the Office of Professional Discipline with one specification of professional misconduct as a result of his felony conviction for fraudulently billing the Medicaid program *(see,* Education Law § 6509 [5] [a] [i]). Petitioner was originally accused of fraudulently billing approximately $68,000 and was charged by a superior court information with grand larceny in the second degree. However, due to the great expense involved in prosecuting the case the People and petitioner entered into a plea agreement whereby petitioner pleaded guilty to one count of grand larceny in the third degree. Following the institution of the professional misconduct charge, the matter was referred directly to the Regents Review Committee for an expedient hearing *(see,* Education Law § 6510 [2] [d]). In accordance with the recommendations of the Regents Review Committee, respondent Board of Regents ultimately found that petitioner was guilty, by a preponderance of the evidence, of committing an act which constituted a crime and revoked his license. Petitioner then commenced this CPLR article 78 proceeding to challenge the determination.

Petitioner contends that the determination was based on an inaccurate finding that the amount of his fraudulent billing of Medicaid was over $50,000. Significantly, in accordance with his plea agreement, petitioner agreed that he fraudulently

billed Medicaid for an amount in excess of $50,000 for services not rendered to patients. As part of the sentence imposed for his criminal conviction, petitioner was required, *inter alia,* to pay restitution in the amount of $85,928 ($68,000 plus $17,928 in interest). Based on these facts, we find that there is clearly substantial evidence in the record to support the finding that petitioner fraudulently billed Medicaid in excess of $50,000.

As for petitioner's challenge to the penalty imposed, we disagree that it was disproportionate to the offense or shocking to one's sense of fairness *(see, Matter of Manyam v Sobol,* 183 AD2d 1022, 1023). In light of petitioner's fraudulent and deceitful conduct and the harm caused to the Medicaid system as a result, we cannot find that respondents exceeded their discretion in revoking petitioner's license *(see, supra; Matter of Beldengreen v Sobol,* 175 AD2d 423, 424).

Mercure, Crew III and Mahoney, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.