■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRACY EVANS, Appellant. [605 NYS2d 287] —Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), convicting defendant, after a jury trial, of grand larceny in the second and third degrees, conspiracy in the fourth degree, and 20 counts of offering a false instrument for filing in the first degree, and sentencing her to a term of 4 to 12 years on the second degree grand larceny count, to run concurrently with lesser terms on the remaining counts, and to restitution of $500,000, unanimously affirmed. The case is remitted to the Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (5).

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference, the evidence clearly established that for nearly 5 years,

defendant and her partner defrauded the Medicaid system out of hundreds of thousands of dollars by billing it for services they knew had not been provided. Between November 1985 and April 1990, utilizing numerous corporations which used fictitious principals and multiple addresses, they conspired and billed Medicaid for reading sonograms and echocardiograms when they knew such services had not been provided. The jury, properly instructed, rejected the defense that the Medicaid regulations could be understood to justify defendant's purported understanding of them and convicted her of grand larceny in the second degree. She and her partner rebilled under one procedure code for work that had been rejected under another. Because such billings were fraudulent and illegal, the filing of documents in support thereof constituted the crime of offering a false instrument for filing.

Defendant contends that the People offered evidence of alleged additional crimes, including billing and being paid twice for the same service, processing and being paid for referrals bearing forged physicians' signatures, billing for completed services when the images had not been read by a specialist, and processing and being paid for obviously fraudulent sonograms. But such evidence was merely further evidence of a crime for which she was charged: conspiracy to commit second degree grand larceny (see, People v Bayne, 82 NY2d 673, 676). In view of the long term, systematic and sophisticated nature of defendant's offense, involving the theft of money from a critical service provided by the Government to people in need, and in view of the fraudulent and deceitful nature of her conduct and the harm done to the Medicaid system thereby (see, Matter of Manyam v Sobol, 183 AD2d 1022, 1023), defendant's sentence and the order requiring her to make restitution were neither harsh nor excessive.

We have examined defendant's remaining contentions and find them to be without merit. Concur—Wallach, J. P., Kupferman, Ross, Kassal and Nardelli, JJ.