■ In the Matter of KENT M. OSBORN, Petitioner, v BOARD OF REGENTS OF THE STATE OF NEW YORK et al., Respondents. [606 NYS2d 361] —Mahoney, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Education Law § 6510 [5]) to review a determination of respondent State Education Department which suspended petitioner's license to practice psychology in New York for two years.

Following receipt and investigation of a complaint that petitioner, a psychologist, made improper sexual overtures toward and sexually fondled one of his female patients during a professional consultation, four specifications of professional misconduct were lodged against him: two charges of committing unprofessional conduct and one charge each of practicing the profession of psychology with gross negligence on a particular occasion and with gross incompetence. At the ensuing evidentiary hearing, both the patient and petitioner testified. The Hearing Panel credited the patient's testimony and found petitioner guilty of all but the fourth specification. The recommended penalty was a stayed two-year license suspension for each charge, to run concurrently, and two years' supervised probation, during the first six months of which petitioner was not to treat any female patients. These findings and recommended penalty ultimately were accepted by respondent

Board of Regents. Contending that he was denied a fair hearing, petitioner then commenced this proceeding seeking CPLR article 78 review.

We confirm. Petitioner's fair hearing claims derive from the Hearing Panel's refusal to permit petitioner's "character" witness, psychiatrist Ellis Levy, to present his expert opinion regarding whether petitioner would be capable of "abusing the patient/psychologist relationship" and to testify as an expert concerning publications on the subject of sexual contact between therapists and their patients, a refusal based upon the perceived lack of a proper foundation. Assuming that exclusion of this testimony was error *(cf., Matter of Girard v City of Glens Falls,* 173 AD2d 113, 116, *lv denied* 79 NY2d 757), based upon our review of the record we are satisfied that any error in this regard was harmless and did not deprive petitioner of a fair hearing. Significantly, petitioner made no attempt after the initial ruling to lay the proper foundation for admission of this testimony despite ample opportunity to do so. Apart from the obvious fact that this failure considerably undermines petitioner's protestations of prejudice, the record also clearly establishes that petitioner's goal of presenting this evidence effectively was achieved. Despite being precluded from expressing his opinion during the hearing, Levy submitted to the Regents Review Committee for its consideration in reviewing the Hearing Panel's findings an affidavit containing, in his own words, the testimony that he would have given as an expert at the hearing if permitted to do so. Accordingly, even setting aside the fact that most, if not all, of the statements contained in the affidavit were expert opinions on the ultimate issue of petitioner's guilt and thus technically not admissible *(cf., People v Rowe,* 172 AD2d 701, 702), with submission and acceptance of the affidavit petitioner's desire to have the expert testimony considered in the deliberative process was all but fully realized.

Weiss, P. J., Mikoll, Mercure and Cardona, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.