■ In the Matter of GUY SURPRIS, Petitioner, v STATE OF NEW YORK, ADMINISTRATIVE REVIEW BOARD FOR PROFESSIONAL MEDICAL CONDUCT, Respondent. [610 NYS2d 373] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County) to review a determination of respondent which revoked petitioner's license to practice medicine in New York.

Petitioner, a psychiatrist participating in the Medicaid program, was convicted of grand larceny in the third degree upon a plea of guilty and admission that between February 1, 1988 and September 12, 1988, petitioner submitted false Medicaid claims upon which he was paid $39,320. As a result, petitioner was charged with professional misconduct, in violation of Education Law § 6530 (9) (a) (i), and following a hearing before a committee of the State Board for Professional Medical Conduct (hereinafter Hearing Committee) and administrative review, a finding of guilt was sustained and a penalty of

---

revocation imposed. The sole contentions advanced in this proceeding are that the penalty was excessive and that the Hearing Committee was arbitrary and capricious in its refusal to receive 34 New York City Human Resources Administration referral forms avowedly offered "to indicate the type of patients that came to [petitioner], their economic condition and the type of treatment they have gotten". We disagree.

Initially, we agree with respondent that the referral forms had little relevance to the issue of mitigation of penalty. Moreover, because the Hearing Officer permitted petitioner to testify concerning the general nature of his practice and the kinds of patients he was seeing during the period in issue, the referral forms were cumulative and their exclusion was by no means prejudicial (see, Matter of Osborn v Board of Regents of State of N. Y., 199 AD2d 862, 863). As for the penalty imposed, petitioner's plea of guilty to submitting over 1,600 claims for psychiatric services that were never rendered and his attempt to repudiate his guilty plea in his testimony before the Hearing Committee provided ample justification for the revocation of petitioner's license to practice medicine (see, Matter of Sabuda v New York State Educ. Dept., 195 AD2d 837; Matter of Manyam v Sobol, 183 AD2d 1022).

Cardona, P. J., White, Casey and Weiss, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.