■ In the Matter of ABDUL H. ABBASI, Petitioner, v MARK R. CHASSIN, as Commissioner of the Department of Health of the State of New York, et al., Respondents. [631 NYS2d 197] —Spain, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

In September 1992, petitioner, a physician, was convicted after a jury trial of one count of grand larceny in the third degree and 17 counts of filing a false instrument in the first degree based on his participation in a conspiracy to defraud the Medicaid system. Petitioner was thereafter sentenced to 18 concurrent one-year terms of incarceration and was directed to make restitution in the amount of $75,000.

A subsequent hearing before a Hearing Committee of respondent Office of Professional Medical Conduct resulted in a determination finding petitioner guilty of professional misconduct based on his criminal conviction. The recommended sanction was a three-year suspension of petitioner's license to practice medicine, with two years thereof to be stayed. Following its review of the matter, the Administrative Review Board for Professional Medical Conduct (hereinafter the Board) issued a determination sustaining the Committee's finding of guilt but imposing the sanction of license revocation.

Petitioner then brought the instant CPLR article 78 proceeding, contending that the Board's determination should be annulled on the ground that the sanction imposed was excessive. Petitioner maintains that the Board ignored certain mitigating circumstances surrounding his criminal conviction, to wit, his allegations that at the time that the fraudulent vouchers were submitted, he had no knowledge of the scheme. Petitioner contends that the only part he played in the scheme was that of the perpetrators' landlord which, pursuant to the lease terms, entitled him to a percentage of their profits. Petitioner claims that he had no knowledge of the illegal nature of this income.

It is, however, evident that the jury at petitioner's criminal trial was not persuaded by petitioner's protestations of innocence. We decline to second-guess the jury by altering their implicit finding that petitioner was an active participant in the perpetration of this fraudulent scheme. In confirming petitioner's judgment of conviction, the First Department stated that "in this case there was substantial direct evidence, most notably testimony about a meeting in which defendant himself

proposed the unlawful scheme" (*People v Abbasi*, 199 AD2d 183). Given the serious nature of the crimes of which petitioner has been convicted and the harm which resulted to the Medicaid system (*see, Matter of Manyam v Sobol*, 183 AD2d 1022), the penalty of license revocation cannot be characterized as either "disproportionate to [petitioner's] misconduct" nor "shocking to one's sense of fairness" (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 234; *see, Matter of Surpris v State of New York, Admin. Review Bd. for Professional Med. Conduct*, 203 AD2d 670, 671; *Matter of Hidalgo v Sobol*, 176 AD2d 984).

Mercure, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.