■ In the Matter of GILBERT ROSS, Petitioner, v NEW YORK STATE DEPARTMENT OF HEALTH, Respondent. [640 NYS2d 359] —Spain, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Petitioner was licensed to practice medicine in New York in 1973. In 1987 he took a part-time position at a health clinic (hereinafter the clinic) which treated Medicaid patients. After seven weeks he terminated his association with the clinic, having become suspicious about the clinic's treatment and billing practices; during those seven weeks, petitioner earned approximately $82,000 from the clinic. In 1993, following a jury trial in Federal court, petitioner was convicted of 13 counts of

various criminal offenses arising out of his participation in a scheme at the clinic to defraud the Medicaid program by submitting bills for unnecessary medical services, drug prescriptions and laboratory tests; to wit, participation in a racketeering enterprise (one count), violation and pattern of racketeering activity (one count), mail fraud (10 counts) and criminal forfeiture (one count). Petitioner was sentenced to concurrent terms of imprisonment of 46 months on each count, with three years of supervised release thereafter, and was ordered to pay restitution in the amount of $612,855.*

In August 1994, respondent charged petitioner with a single specification of professional misconduct based on the Federal convictions; petitioner was notified that a direct referral proceeding pursuant to Public Health Law § 230 (10) (p), limited to the issue of the penalty to be imposed, would take place before a committee on professional conduct (hereinafter the Committee) of respondent's Office of Professional Medical Conduct. Following a hearing, the Committee sustained the charge of professional misconduct based on petitioner's Federal conviction. Citing, as a mitigating factor, petitioner's postconviction participation as a volunteer medical director at Roto-Care, a soup kitchen serving the poor and homeless in Nassau County, the Committee found that petitioner was "performing a needed service to the community that should be continued". In light of such finding and the short duration of his involvement with the clinic, the Committee ordered petitioner's license to be suspended for two years and stayed the suspension; he was also placed on two years probation and ordered to perform 500 hours of community service. Respondent appealed the Committee's determination to the Administrative Review Board for Professional Medical Conduct (hereinafter ARB). Upon review the ARB sustained the finding of guilt, but overturned the Committee's penalty and revoked petitioner's medical license. The ARB rejected the Committee's finding that petitioner's participation with the soup kitchen ameliorated his intentional misconduct and found that, because petitioner violated the public trust in the medical profession, used his license to commit fraud and received $82,000 from the fraudulent scheme during a relatively short period of time, the penalty of license revocation was warranted. Petitioner thereafter commenced this CPLR article 78 proceeding.

---

\* The US Court of Appeals for the Second Circuit affirmed petitioner's judgment of conviction, modifying only to the extent of remitting the case for a recalculation of the amount of restitution (*see*, *United States v Khan*, 53 F3d 507, *cert denied sub nom. Williams v United States*, — US —, 116 S Ct 697).

We confirm. It is well-settled law that the ARB is authorized to impose the sanction which it deems to be appropriate (*see, Matter of Spartalis v State Bd.*, 205 AD2d 940, 941-942, *lv denied* 84 NY2d 807; *Matter of Bogdan v New York State Bd.*, 195 AD2d 86, 90, *appeal dismissed, lv denied* 83 NY2d 901). The penalty of license revocation has been repeatedly imposed in cases involving criminal convictions for Medicaid fraud (*see, e.g., Matter of Abbasi v Chassin*, 219 AD2d 765; *Matter of Manyam v Sobol*, 183 AD2d 1022; *Matter of Beldengreen v Sobol*, 175 AD2d 423; *Matter of Diamond v Sobol*, 145 AD2d 786). Petitioner's contention that the ARB erred by ignoring alleged mitigating circumstances, i.e., petitioner's limited involvement with the clinic and his volunteer work at the soup kitchen, is without merit. Petitioner's attempts to regard himself as a limited and unknowing participant in the clinic's scheme must be summarily rejected where a criminal court jury has previously determined that petitioner was an active participant in the scheme (*see, Matter of Abbasi v Chassin, supra; see also*, 18 USC § 1341; *United States v Khan*, 53 F3d 507, 515, *cert denied sub nom. Williams v United States*, — US —, 116 S Ct 697, *supra*).

We also find no merit to petitioner's argument that his community volunteer work, which does not appear to have commenced until after he was convicted in Federal court, should mitigate the sanction. Given the gravity of petitioner's conduct, the use of his medical license to commit fraud, the harm to the Medicaid program, his financial gain and the lack of any compelling mitigating factors, the penalty of revocation imposed by the ARB is neither arbitrary nor capricious (*see, Matter of Abbasi v Chassin, supra; Matter of Manyam v Sobol, supra*). We further reject petitioner's contention that the ARB erred by imposing a harsher sanction on him than that imposed on a codefendant. The fact that another physician, guilty of similar misconduct, received a lighter penalty is not a basis for annulling the sanction imposed (*see, Matter of Abdelmessih v Board of Regents*, 205 AD2d 983, 986; *Matter of Alaimo v Ambach*, 91 AD2d 695, 696, *lv denied* 58 NY2d 607). Moreover, although the record reveals that a lesser sanction was imposed by the ARB on one of his criminal codefendants, petitioner's other four physician codefendants each had their medical licenses revoked. Accordingly, we conclude that the sanction of revocation was neither " 'shocking to one's sense of fairness' " nor "disproportionate to the misconduct" (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 234).

We also reject petitioner's contention that the ARB's failure

to issue its written determination "within [45] days of the submission of briefs and a stipulated record" (Public Health Law § 230-c [4] [a]) served to divest it of jurisdiction to adjudicate the administrative appeal. The statute, while expressing the 45-day time limit for rendering a determination, does not provide for any limitation on the ARB's ability to act after the expiration of the time (*see,* Public Health Law § 230-c; *cf., Matter of Janus Petroleum v New York State Tax Appeals Tribunal,* 180 AD2d 53). In our view, the time limitation is not mandatory but merely directory in nature (*see, Matter of Powell v Coughlin,* 217 AD2d 774; *Matter of James H. Rambo, Inc. v Jorling,* 177 AD2d 577, 578).

Finally, in light of petitioner's acknowledgment of receipt of actual notice of respondent's intention to seek review from the ARB and the clear lack of any prejudice to petitioner, we conclude that respondent's failure to use certified mail to notify petitioner of its intent (Public Health Law § 230-c [4] [a]) is a procedural irregularity which, absent a showing of prejudice, may be overlooked (*see, Balancio v American Opt. Corp.,* 66 NY2d 750; *see also, Athanasiou v Esposito,* 212 AD2d 878, *lv denied* 85 NY2d 809).

Cardona, P. J., Mercure, White and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.