■ In the Matter of ALAN SCHANKMAN, Petitioner, v BARBARA A. DeBUONO, as Commissioner of Health of the State of New York, et al., Respondents. [655 NYS2d 164] —White, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Hearing Committee of the State Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

In December 1991, a California criminal jury convicted petitioner, a physician licensed to practice in New York, of 36 counts of theft from the Medicare program. For these crimes, petitioner was sentenced to a 16-month prison term, fined $594,000 and ordered to pay $56,000 in restitution to the United States Government. Thereafter, the Bureau of Professional Medical Conduct (hereinafter BPMC) commenced an expedited proceeding, pursuant to Public Health Law § 230 (10) (p), charging petitioner with professional misconduct as the result of being convicted of a crime in another jurisdiction which, if committed in New York, would have constituted a crime in this State (Education Law § 6530 [9] [a] [iii]). Follow-

ing an evidentiary hearing, a Hearing Committee of the State Board for Professional Medical Conduct (hereinafter the Committee) sustained the charge and revoked petitioner's license. Instead of seeking administrative review, petitioner commenced this CPLR article 78 proceeding in this Court.

It appears that petitioner's California conviction stems from an erroneous billing procedure he utilized that resulted in his being overpaid for a certain surgical procedure. At the evidentiary hearing, petitioner was prepared to offer testimony describing his billing procedures which, he claims, would have shown that he acted in good faith and that the billing errors were unintentional. The Administrative Law Judge (hereinafter ALJ) barred this testimony on the ground that petitioner was attempting to attack the validity of the underlying conviction. Petitioner contends that the ALJ erred since he was offering his testimony to show mitigating circumstances.

Even accepting petitioner's contention, the ALJ did not err in precluding his testimony. The record shows that petitioner's proffered testimony was presented at his California criminal trial and obviously rejected by the jury. Thus, its value in the subject administrative proceeding would have been negligible (see, Matter of Ross v New York State Dept. of Health, 226 AD2d 863, 865; Matter of Abbasi v Chassin, 219 AD2d 765). In any event, we note that petitioner was permitted to offer other mitigating evidence, including evidence of the lenient penalty imposed by the California Medical Board.

Petitioner further contends that the Committee's determination is defective because the BPMC did not introduce any proof showing that his California conviction encompassed acts that would have been criminal in New York. We need not reach this issue because it was not raised before the Committee (see, Matter of Mecca v Dowling, 210 AD2d 821, 824, lv denied 85 NY2d 809). Were we to reach it, we would find that it lacks merit. In its charge against petitioner, the BPMC noted that the crimes committed by petitioner were a violation of Penal Law §§ 155.25, 155.30 and/or 155.35 and, at the hearing, submitted the California criminal information and jury verdict which indicate what acts petitioner was alleged to have committed and the elements of the crimes. In our view, this information provided the Committee with sufficient information upon which to predicate its finding that petitioner was convicted of committing criminal acts in California which would also have constituted crimes in New York, particularly since the elements of the California larceny statute are essentially similar to those found in New York's statute (see, Cal Penal Code § 487 [1]).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.