■ In the Matter of AJIT JAYARAM, Petitioner, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents.—Kane, J. P. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of respondent Commissioner of Education which revoked petitioner's license to practice medicine in New York.

In June 1982, petitioner, a physician, was charged with violating certain provisions of Public Health Law article 33 for having unlawfully obtained a controlled substance for his own use on two occasions in November 1981. It was alleged, inter alia, that he fraudulently obtained the drug on the first occasion by removing the drug from hospital stock and falsely charting the drug on a patient's chart, and on the second occasion by falsely stating that another physician had ordered the drug. In October 1983, petitioner entered into a stipulation admitting his guilt to all of the allegations. He was fined $3,000 and his prescription-writing privileges were suspended for six months.

Thereafter, in July 1986, petitioner pleaded guilty to grand larceny in the second degree for submitting false statements to obtain payment for Medicaid services in the sum of $19,400, and was sentenced to five years' probation and fined $5,000.

Subsequently, the State Board for Professional Medical

Conduct charged petitioner with professional misconduct under Education Law § 6509 (5) (a) and (c) based upon the grand larceny conviction and the stipulation of guilt to the Public Health Law article 33 charges. A hearing was held before the Regents Review Committee of respondent Board of Regents. The committee found petitioner guilty of misconduct and recommended that his license to practice medicine be revoked. The Board of Regents accepted the committee's findings and recommendation and respondent Commissioner of Education revoked petitioner's license. Petitioner then commenced this CPLR article 78 proceeding seeking review of the determination. We confirm.

Contrary to petitioner's assertions, the punishment imposed is not unduly harsh nor is it disproportionate to the offense charged (see, Matter of Pell v Board of Educ., 34 NY2d 222, 233; Matter of Stevens v Board of Regents, 97 AD2d 662, 663).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.