■ In the Matter of VITO E. CASELNOVA, Petitioner, v NEW YORK STATE DEPARTMENT OF HEALTH, Respondent. [653 NYS2d 398] —Mikoll, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Hearing Committee of the State Board for Professional Medical Conduct which, *inter alia*, suspended petitioner's license to practice medicine in New York for two years.

Petitioner was charged with professional misconduct pursuant to Education Law § 6530 (9) (e). A hearing was held on July 6, 1995 before the Hearing Committee of the State Board for Professional Medical Conduct. The charges were based on petitioner's acknowledgement of violations of Public Health Law article 33 and 10 NYCRR 80.62 (b), which involved his prescribing Vicoden and Fastin drugs to three patients without preparing and maintaining a complete patient record. The sole evidence before the Hearing Committee was petitioner's stipulation of consent to the Public Health Law article 33 violations.

The Hearing Committee sustained the charges and suspended petitioner's license to practice medicine for two years, stayed the suspension, prohibited him from writing prescriptions for controlled substances for two years, ordered him to complete continuing medical education and placed him on probation.

Petitioner appealed the determination to the Administrative Review Board for Professional Medical Conduct (hereinafter ARB). Petitioner failed to file a brief and deeming the appeal withdrawn, the ARB ordered the findings of the Hearing Committee to be final.

Petitioner commenced the instant CPLR article 78 proceed-

ing seeking, *inter alia*, to annul the administrative determination. Petitioner challenges the outcome on due process grounds, contending that he was not given notice that his ability and competence would be considered by the Hearing Committee. While we acknowledge that petitioner must receive adequate notice of the charges against him to defend against them (*see, Matter of Block v Ambach*, 73 NY2d 323, 332), we reject petitioner's contention that he lacked notice in the instant proceeding.

The record indicates that prior to the hearing, petitioner was served a statement of charges which specifically indicated that the professional misconduct was based on the finding that he was in violation of article 33 of the Public Health Law. It was also indicated to him, by notice of referral, that the proceeding could result in a determination that suspended or revoked his license to practice medicine in New York. During the hearing, petitioner introduced evidence relevant to his competency and ability and was given a chance to testify. The record belies his contention of lack of awareness of the issue involved.

Petitioner also contends that the determination of the ARB is against the weight of evidence. Although the petition seeks review of the ARB decision, since petitioner failed to appeal to the ARB, our review is limited to ascertaining whether the Hearing Committee's determination is supported by substantial evidence. We find that the stipulation of admission of violation, entered by petitioner to the Public Health Law article 33 charges, is sufficient to support a violation under the Education Law (*see, Matter of Jayaram v Ambach*, 145 AD2d 838).

Petitioner's contention that the instant determination constituted a second punishment in violation of the constitutional protection against double jeopardy is without merit. Education Law § 6530 (9) (e) authorizes a subsequent finding of professional misconduct where a licensee "[has] been found by the commissioner of health to be in violation of article [33] of the public health law" (*see, Matter of Sasson v Commissioner of Educ.*, 127 AD2d 875 [dealing with Education Law § 6509 (5) (c), a similar provision]).

Finally, petitioner contends that the penalty imposed is grossly disproportionate to his offense. While we do not find the penalty to be shocking to one's sense of fairness (*see, Matter of Adler v Bureau of Professional Med. Conduct*, 211 AD2d 990, 993), the Hearing Committee was required to impose a penalty under Public Health Law 230-a (*see*, Education Law § 6530). This provision does not permit some of the penalties

imposed (increasing medical malpractice insurance, monitoring and review of petitioner's records). Thus, the penalty is, in part, unauthorized by law. The matter must therefore be remitted for imposition of a penalty as prescribed by law.

Cardona, P. J., Mercure, Crew III and Yesawich Jr., JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as imposes a penalty; matter remitted to the Hearing Committee of the State Board for Professional Medical Conduct for imposition of an appropriate penalty; and, as so modified, confirmed.