■ In the Matter of ANTANDIL PAPIASVILI, Petitioner, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [692 NYS2d 235] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent Administrative Review Board for Professional Medical Conduct

---

which revoked petitioner's license to practice medicine in New York.

Following petitioner's conviction, based on his plea of guilty to the crime of grand larceny in the third degree, for submitting $117,000 in false claims to the State Medicaid system, the Bureau of Professional Medical Conduct (hereinafter BPMC) charged petitioner with professional misconduct (*see,* Education Law § 6530 [9]). After a fact-finding hearing, the Hearing Committee of respondent Board for Professional Medical Conduct concluded that petitioner engaged in a calculated course of misconduct lasting more than two years. Though cognizant that the usual penalty for such conduct is license revocation, the Hearing Committee, impelled by what it perceived to be mitigating circumstances, ordered a less severe punishment, namely the suspension of petitioner's license for 36 months, which was stayed for 30 months, and placement of petitioner on probation. The BPMC appealed and respondent Administrative Review Board for Professional Medical Conduct (hereinafter ARB) ordered the revocation of petitioner's license. Petitioner commenced this CPLR article 78 proceeding challenging the ARB's determination.

The only issue before us is the appropriateness of the penalty imposed. It is axiomatic that the ARB is empowered to substitute its judgment for that of the Hearing Committee, even to the point of imposing a more serious sanction (*see, Matter of Kabnick v Chassin,* 89 NY2d 828, 829-830; *Matter of Teruel v DeBuono,* 244 AD2d 710, 713). If, as here, the penalty imposed by the ARB is not " 'so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness' " (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 233, quoting *Matter of Stolz v Board of Regents,* 4 AD2d 361, 364; *see, Matter of Teruel v DeBuono, supra,* at 713), we will not disturb it.

We share the ARB's misgivings concerning the Hearing Committee's determination that petitioner's case presented mitigating circumstances justifying the lesser punishment of suspension. Specifically, the Hearing Committee concluded that petitioner "voluntarily came forward to admit his guilt"; the record, however, supports the ARB's finding that petitioner's decision to come forward was triggered by his receipt of a summons to testify before the Grand Jury. Additionally, the ARB cannot be faulted for viewing evidence that petitioner, while committing this fraudulent conduct, was self-medicating with psychotropic drugs, not as a mitigating factor but rather an aggravating one. Because petitioner, by his conduct, violated the

public trust and harmed the Medicaid system, there exists no basis to disturb the ARB's decision to revoke petitioner's license to practice medicine in this State (*see, Matter of Teruel v De-Buono, supra,* at 713; *Matter of Kabnick v Chassin,* 223 AD2d 935, 937, *affd* 89 NY2d 828, *supra; Matter of Sokol v New York State Dept. of Health,* 223 AD2d 809, 811, *appeal dismissed* 87 NY2d 1054; *Matter of Abbasi v Chassin,* 219 AD2d 765, 766). Lastly, there is no merit to petitioner's claim that the ARB's decision to revoke petitioner's license was merely an application of a "rubber stamp system of justice".

Cardona, P. J., Mikoll, Crew III and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.