■ In the Matter of JENNIFER DANIELS, Petitioner, v ANTONIA C. NOVELLO, as Commissioner of Health of the State of New York, et al., Respondents. [762 NYS2d 141] —Rose, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which suspended petitioner's license to practice medicine in New York.

In the course of investigating a complaint against petitioner, a physician licensed to practice medicine in New York, the Director of the Office of Professional Medical Conduct (hereinafter OPMC) ordered a comprehensive medical review (hereinafter CMR) of petitioner's patient and office records pursuant to Public Health Law § 230 (10) (a) (iv). Petitioner refused to comply with the order, and ultimately commenced a CPLR article 78 proceeding seeking, among other things, to enjoin the OPMC from conducting the CMR. Supreme Court (Murphy, J.) dismissed the proceeding as time-barred and granted the OPMC's application for an order compelling petitioner to submit to the CMR, rulings from which petitioner did not perfect an appeal. When petitioner refused to submit, she was charged with misconduct (*see* Education Law § 6530 [15]). At the hearing before the Hearing Committee of the State Board for Professional Medical Conduct (hereinafter Committee), the Administrative Law Judge (hereinafter ALJ) excluded evidence proffered by petitioner regarding the merits of the complaint underlying the CMR order. Following the hearing, the Committee determined that petitioner's refusal to comply with the CMR constituted misconduct and suspended her license to practice medicine until 60 days after compliance. Upon administrative review, the Administrative Review Board for Professional Medical Conduct (hereinafter ARB) affirmed the determination and penalty. Petitioner then commenced this CPLR article 78 proceeding seeking to vacate the ARB's determination.

As the only conduct of petitioner under review here was her failure to comply with the CMR order and such failure itself constitutes misconduct under Education Law § 6530 (15) (*see* Public Health Law § 230 [10] [a] [iv]), the ALJ and the Com-

mittee did not abuse their discretion in precluding evidence regarding the merits of the underlying patient care complaint as wholly irrelevant and immaterial. Regardless of the factual basis for the CMR order, petitioner's undisputed failure to comply provides a rational basis for the ARB's determination of misconduct. Moreover, petitioner's contention that the ALJ's evidentiary rulings evidence bias against her as a female, African-American solo practitioner in alternative medicine is conclusory and unsupported by any facts demonstrating either a bias or its prejudicial effect on her defense to the misconduct charge (*see Matter of Gant v Novello,* 302 AD2d 690, 692-693 [2003], *lv denied* 100 NY2d 502 [2003]; *Matter of Lauersen v Novello,* 293 AD2d 833, 834 [2002]).

The penalty of a suspension continuing until 60 days after petitioner submits to a CMR, however, must be annulled because the statute setting forth the permissible penalties for professional medical misconduct does not authorize a license suspension continuing until compliance with a CMR order. Public Health Law § 230-a (2) authorizes suspension of a medical license wholly or partially for a fixed period of time, and permits suspensions continuing until a future event only where that event is completion of a course of retraining, therapy or treatment. Here, as in *Matter of Hason v Department of Health* (295 AD2d 818 [2002]), "the suspension by its term is indefinite and is not completed either upon any specified date or the passage of any specified amount of time" (*id.* at 823-824). We do not agree with respondents' argument that this will restrict the OPMC's ability to enforce CMR orders. Public Health Law § 230 (10) (o) specifically provides a means to judicially compel such compliance while affording the person subject to the order an opportunity to obtain judicial review of its factual basis.

We have reviewed petitioner's remaining contentions and find them to be without merit.

Cardona, P.J., Crew III, Peters and Kane, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as imposed a penalty; matter remitted to the Administrative Review Board for Professional Medical Conduct for imposition of an appropriate penalty; and, as so modified, confirmed.