■ In the Matter of MOSHE OSTAD, Petitioner, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [766 NYS2d 441] —Carpinello, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which suspended petitioner's license to practice medicine in New York.

Petitioner, a physician licensed to practice medicine in New York, became the subject of an investigation by the Office of Professional Medical Conduct (hereinafter OPMC) after the death of patient A. Following an initial review of petitioner's medical records for patient A, OPMC offered to discuss with petitioner the issues then under investigation. This interview was held in December 1999. In April 2000, an investigative committee of the Board for Professional Medical Conduct (hereinafter BPMC) was convened, which declined to proffer charges of misconduct against petitioner, but authorized a comprehensive medical review (hereinafter CMR) of his patient and office records pursuant to Public Health Law § 230 (10) (a) (iv). A second investigative committee was convened in July 2000 to correct a procedural defect in the initial proceedings and a second CMR of petitioner's records was authorized.

Petitioner refused to comply with the CMR order and was subsequently charged, by a third investigative committee, with several specifications of misconduct with regard to his care of patient A and with failure to comply with the CMR order. After a hearing, BPMC rejected all of the charges based on its finding that the investigative committee process had not been timely commenced. Upon review, the Administrative Review Board for Professional Medical Conduct (hereinafter ARB) disagreed with this specific finding, but nevertheless found no misconduct with regard to petitioner's care of patient A. The ARB did, however, find petitioner guilty of refusing to comply with the CMR order and suspended his license to practice medicine until he complied. Petitioner sought reconsideration, but, upon reconsideration, the ARB adhered to its earlier determination. This CPLR article 78 proceeding ensued.

Public Health Law § 230 (10) (a) (iii) requires that a physician under investigation by OPMC be afforded an opportunity for an interview to discuss possible charges. This statute further provides that an investigative committee be convened within 90 days of such interview (*see* Public Health Law § 230 [10] [a] [iii]). Petitioner maintains that neither committee had jurisdiction to authorize a CMR of his records because more than 90 days elapsed between his interview and any action by them. We disagree.

Public Health Law § (10) (j) provides a mechanism for enforcement of its time limitations, namely, a CPLR article 78 proceeding to dismiss the charges or for other relief. Petitioner opted not to avail himself of this statutory remedy and, in any event, has not demonstrated the substantial prejudice required for dismissal (*see* Public Health Law § 230 [10] [j]). Indeed,

petitioner has failed to demonstrate prejudice of any kind resulting from these delays and, thus, any due process claim arising from this delay must also fail (*see Matter of Giffone v De Buono,* 263 AD2d 713, 714 [1999]; *Matter of Lawrence v De Buono,* 251 AD2d 700, 701 [1998]).

Petitioner also argues that BPMC improperly "took a second bite at the apple" by convening the second investigative committee to reconsider the evidence against him after the first committee had declined to proffer charges. The hearing record includes the testimony of a BPMC deputy counsel explaining that the paperwork supporting the first investigative committee's order had been defective, necessitating a second investigative committee to correct the error. We do not find, and petitioner fails to identify, any statute, regulation or case law prohibiting BPMC from convening a second investigative committee to correct such a defect.

We also reject petitioner's claim that OPMC was required to seek judicial enforcement of the CMR order before charging him with misconduct for refusing to comply. To be sure, Public Health Law § (10) (*o*) provides that the Director of OPMC "may apply to a justice of the supreme court * * * for a court order to compel compliance" with such an order. This course of action, however, is not mandated. Failure to comply with a CMR order is, in and of itself, professional misconduct (*see* Education Law § 6530 [15]), and petitioner's uncontroverted refusal to comply was sufficient to sustain this charge.

The penalty imposed upon petitioner for this misconduct is more problematic. The ARB sought to compel compliance with the CMR by suspending petitioner's license to practice medicine until he submitted to a CMR of his records. We have recently held that such an indefinite suspension of a physician's license to practice is not a permissible penalty for medical misconduct (*see* Public Health Law § 230-a [2]; *Matter of Daniels v Novello,* 306 AD2d 644, 645 [2003]). Accordingly, we remit the matter for imposition of an appropriate penalty.

Cardona, P.J., Crew III, Peters and Mugglin, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as imposed a penalty; matter remitted to the Administrative Review Board for Professional Medical Conduct for imposition of an appropriate penalty; and, as so modified, confirmed.