■ In the Matter of HARVEY P. INSLER, Petitioner, v STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT, Respondent. [832 NYS2d 111]—

Mercure, J.P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which, inter alia, censured petitioner.

Petitioner is a licensed orthopedic surgeon and Chief of Orthopedics and Rehabilitation at North General Hospital in Manhattan. In January 2005, the Office of Professional Medical Conduct (hereinafter OPMC) charged petitioner with various specifications of misconduct in violation of Education Law § 6530, including practicing medicine with negligence on more than one occasion, practicing with gross negligence on a particular occasion, and failing to maintain accurate records. The charges arose out of the treatment of a single patient (hereinafter referred to as patient A) during his hospitalization at Lincoln Medical and Mental Health Center from September 14, 2001 through October 14, 2001 for an injury to his knee—a fractured right tibial plateau—sustained when he was assaulted with a bat or pipe.

Patient A underwent surgery on October 4 and 10, 2001, and he died on October 14, 2001 as a result of end-stage liver disease and an infection of his injured leg. The October 4 surgery, performed by orthopedic surgeon Frank Butera—an employee of petitioner's company, Signature Health Care—involved an irrigation and debridement of patient A's lower right extremity. Petitioner concedes that Butera sought advice from him during the surgery but disputes Butera's claim that petitioner agreed to assume responsibility for the care of patient A. It is undisputed that although subsequent serial debridements should have been done every 36 to 48 hours, none were performed on patient A over the next five days. On October 10, petitioner performed surgery and a debridement on patient A's lower right extremity, but failed to perform a preoperative examination or note in patient A's medical records why the examination was not performed.

A Hearing Committee of respondent found that petitioner, pursuant to a verbal agreement with Butera, was responsible for patient A's care from October 6, 2001 until he was transferred to Lincoln Medical's intensive care unit following the October 10, 2001 surgery. The Hearing Committee sustained one charge of practicing medicine with negligence on more than one occasion, one charge of practicing with gross negligence and one charge of failing to maintain accurate records. The Hearing Committee placed petitioner on a five-year monitored probation. Upon petitioner's appeal, the Administrative Review Board for Professional Medical Conduct (hereinafter ARB) overturned the finding of gross negligence, modified the sanction imposed on petitioner by reducing the period of monitored probation from five to three years, and otherwise affirmed the Hearing Committee's determination. Petitioner then commenced this CPLR article 78 proceeding seeking annulment of the determinations of the Hearing Committee and the ARB. We now confirm.

The Hearing Committee's determination was reviewed by the ARB and, thus, our review is "limited to ascertaining whether [the ARB's determination] was arbitrary and capricious, affected by error of law or an abuse of discretion" (*Matter of Bottros v DeBuono*, 256 AD2d 1034, 1035-1036 [1998] [internal quotation marks and citation omitted]; *see Matter of Maglione v New York State Dept. of Health*, 9 AD3d 522, 524 [2004]). Accordingly, the ARB's determination must be upheld if it " 'has a rational basis supported by fact' " (*Matter of Maglione v New York State Dept. of Health, supra* at 524, quoting *Matter of Brown v New York State Dept. of Health*, 235 AD2d 957, 958 [1997], *lv denied* 89 NY2d 814 [1997]). Moreover, in reviewing the ARB's determination, "we do not resolve credibility issues or weigh the testimony of expert witnesses, for those issues are solely within the province of the administrative factfinder" (*Matter of Chua v Chassin*, 215 AD2d 953, 955 [1995], *lv denied* 86 NY2d 708 [1995]; *see Matter of Brown v New York State Dept. of Health, supra* at 958).

In challenging the determination herein, petitioner asserts that the Hearing Committee and the ARB found both petitioner and Butera to be lacking in credibility and based their findings solely on an analysis of the documentary evidence. The Hearing Committee determined, however, that petitioner was responsible for patient A's care "following . . . the 5th of October," based, in part, upon Butera's testimony regarding the 48-hour weekend period of October 6 to 7, 2001. In particular, the Hearing Committee stated that it "found Dr. Butera to be credible when he

testified that [petitioner] and the physician assistants would have been responsible for [p]atient A's care that weekend" and cited, as corroborating evidence, the fact that Butera ceased his practice of countersigning physician's notes for patient A on October 6. The ARB deferred to the Hearing Committee's credibility finding in this regard and that determination will not be disturbed by this Court (*see e.g. Matter of Maglione v New York State Dept. of Health, supra* at 524). Given the resolution of the witness credibility issue herein to determine that petitioner was responsible for patient A's care after October 5, 2001, it cannot be said that the ARB acted irrationally in determining that petitioner was negligent for failing to perform the indisputably required serial debridements of patient A's leg.

We note that the ARB and Hearing Committee similarly rejected—on credibility grounds—petitioner's claim that he was unaware prior to October 10, 2001 that he would be performing surgery on patient A that day, giving great significance to the fact that petitioner signed a consent form for the surgery that was dated October 9, 2001. Moreover, both OPMC's and petitioner's experts testified that, to meet the minimum standard of care, a physician must evaluate a patient prior to performing surgery and petitioner conceded that he did not examine patient A prior to the October 10 surgery. Under these circumstances, the ARB's determination that petitioner was guilty of negligence on more than one occasion—i.e., that he "failed to exercise the care that a reasonably prudent physician would exercise under the circumstances" (*Matter of Maglione v New York State Dept. of Health, supra* at 524 [internal quotation marks and citations omitted])—was not arbitrary and capricious.

We further reject petitioner's challenge to the ARB's finding that he was guilty of failing to maintain a record for patient A that accurately reflected the care and treatment provided to that patient (*see* Education Law § 6530 [32]). The ARB's determination in this regard was supported by the testimony of OPMC's expert that patient A's records were inadequate because petitioner failed to document that he did not perform a preoperative examination or explain the extenuating circumstances surrounding that failure. This testimony provides a rational basis for the determination that the medical records at issue " 'fail[ed] to convey objectively meaningful medical information concerning the patient treated to other physicians [and, therefore, were] inadequate' " (*Matter of Youssef v State Bd. for Professional Med. Conduct*, 6 AD3d 824, 825 [2004], quoting *Matter of Mucciolo v Fernandez*, 195 AD2d 623, 625 [1993], *lv*

*denied* 82 NY2d 661 [1993] [citations omitted]; *see Matter of Maglione v New York State Dept. of Health, supra* at 525). Finally, petitioner's argument that he was not provided with adequate notice of this charge is contradicted by the detailed testimony that he provided with respect to the particulars of the conduct of which he was accused. In our view, the charges were " 'reasonably specific, in light of all the relevant circumstances, to apprise the party whose rights are being determined of the charges against him' " .(*Matter of Steckmeyer v State Bd. for Professional Med. Conduct*, 295 AD2d 815, 816 [2002], quoting *Matter of Block v Ambach*, 73 NY2d 323, 333 [1989]).

Petitioner's remaining arguments are either rendered academic by our decision or, upon review, have been found to be lacking in merit.

Peters, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.