■ In the Matter of ROBERT JOSEPH AQUINO, Petitioner, v NIRAV SHAH, as Commissioner of Health, Respondent. [4 NYS3d 563]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which, among other things, permanently limited petitioner's license to practice medicine in New York.

Petitioner owned and was the chief executive officer of a hospital in Queens County that a state commission had recommended for closure. In an effort to keep the hospital open, petitioner made payments to a state senator in exchange for the senator exerting his influence on behalf of the hospital. The scheme was discovered by authorities, the senator was

indicted and, as relevant here, petitioner eventually pleaded guilty in federal court to one felony count of conspiracy to commit bribery. As a result of his felony conviction, petitioner was charged with professional misconduct (*see* Education Law § 6530 [9] [a] [ii]).

A Hearing Committee of the State Board for Professional Medical Conduct sustained the charge and imposed a penalty that included, among other things, a one-year stayed suspension of petitioner's medical license and a prohibition against him owning or administering a medical practice or a medical facility (*see* Public Health Law art 28). Both parties appealed to the Administrative Review Board for Professional Medical Conduct (hereinafter ARB). The ARB affirmed the Hearing Committee's misconduct finding, but modified the penalty to allow petitioner to own and administer his own private practice. Petitioner commenced this proceeding challenging that portion of the ARB's determination that upheld the ban on him owning or operating a Public Health Law article 28 medical facility.

Petitioner contends that the ban was not a statutorily authorized penalty. Although our review of an ARB's determination is limited (*see e.g. Matter of Cattani v Shah*, 122 AD3d 1099, 1099 [2014]; *Matter of Wieder v New York State Dept. of Health*, 77 AD3d 1207, 1208 [2010]), a penalty that clearly is not authorized by the controlling statute is subject to annulment (*see Matter of Daniels v Novello*, 306 AD2d 644, 645 [2003], *lv denied* 100 NY2d 514 [2003]; *but cf. Matter of Caselnova v New York State Dept. of Health*, 91 NY2d 441, 442-443 [1998]). Here, the penalty was tailored to permit petitioner to continue providing medical care to patients in a clinical practice (an area where he had committed no wrongdoing) while ensuring that he avoided the type of administrative duties that had led to his criminal conduct (*see Matter of Novendstern v Administrative Review Bd. of State Bd. for Professional Med. Conduct*, 15 AD3d 701, 703 [2005] [upholding penalty designed to minimize risk of future misconduct]). The restriction imposed by the ARB falls within a reasonable interpretation of the penalty authorized by Public Health Law § 230-a (3) (*see generally Matter of Posada v New York State Dept. of Health*, 75 AD3d 880, 882-883 [2010], *lv denied* 15 NY3d 712 [2010]; *Matter of Novendstern v Administrative Review Bd. of State Bd. for Professional Med. Conduct*, 15 AD3d at 702; *Matter of Sternberg v Administrative Review Bd. for Professional Med. Conduct*, 235 AD2d 945, 946 [1997], *lv denied* 90 NY2d 809 [1997]). The remaining arguments have been considered and are unpersuasive.

Peters, P.J., Garry and Lynch, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.