■ In the Matter of CHARLES R. GORDON, Petitioner, v COMMISSIONER OF EDUCATION, Respondent.—Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of respondent which, *inter alia,* suspended petitioner's license to practice medicine in New York for one year.

In 1979, petitioner was convicted in North Carolina of the crime of larceny, arising out of the theft of three cans of tuna fish and a package of ground beef, and received a suspended sentence, three years' probation and a fine. In 1980, petitioner was convicted in United States District Court for the Middle District of North Carolina of the felony of fraud by wire as the result of his use of a device to avoid telephone charges on long-distance calls. He received a suspended sentence, three years' probation, and was required to reimburse $1,500 to the telephone company and participate in a mental health program.

Petitioner advised respondent of the criminal convictions in 1981 when he applied for the renewal of his license to practice medicine. Thereafter, petitioner was charged with professional misconduct under Education Law § 6509 (5) (a) (ii) and (iii). In 1987, the Board of Regents accepted the recommendation of the Regents Review Committee that the charges of professional misconduct be sustained, that petitioner be suspended for one year, that the suspension be stayed, and that petitioner be placed on probation for two years and fined $5,000. This is the sanction ultimately imposed by respondent.

Petitioner's argument that respondent's determination must be annulled because the Regents Review Committee's decision does not set forth adequate factual findings is unconvincing. The agency is not obliged to document with findings each ruling it makes, especially when the charges are not controverted *(see, Matter of Marcus v Ambach,* 136 AD2d 778, 779-780). There is undisputed evidence in the record that petitioner was convicted of crimes in the State and Federal courts of North Carolina and, therefore, he was properly found guilty of professional misconduct *(see,* Education Law § 6509 [5] [a] [ii], [iii]), permitting the imposition of an appropriate penalty *(see, Matter of Faulknor v Board of Regents,* 136 AD2d 785; *Matter of Rubin v Board of Regents,* 101 AD2d 970, 971).

The only other question for our consideration is whether the penalty imposed is inappropriate. Our scope of review is a limited one and we may interfere with a sanction imposed only when it is so disproportionate to the offense as to be shocking to one's sense of fairness *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). In view of the nature of the misconduct, the long-settled rule that professional misconduct need not be related to the practice of one's profession *(see, Matter of Mosner v Ambach,* 66 AD2d 912; *Matter of Pepe v Board of Regents,* 31 AD2d 582, *lv denied* 24 NY2d 741), and petitioner's less than candid responses in applications seeking privileges at various hospitals, we find that the penalty imposed is neither clearly disproportionate to the offense nor shocking to the conscience of the court *(see, Matter of Hening v Ambach,* 132 AD2d 783, *appeal dismissed* 70 NY2d 926, *lv denied* 72 NY2d 802). Accordingly, the determination should be confirmed.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Yesawich, Jr., Harvey and Mercure, JJ., concur.