OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be affirmed, with costs.
Having previously been convicted of making false claims in connection with the treatment of Medicaid patients, petitioner was found guilty of professional misconduct by the Hearing Committee of the Department of Health’s Board for Professional Medical Conduct. Petitioner thereafter appealed to the Administrative Review Board seeking a reduction in the two-year suspension and $10,000 fine that the Hearing Committee had imposed. Although no cross appeal had been taken, the Board not only rejected petitioner’s request, but also used the occasion of petitioner’s appeal to impose a harsher sanction after concluding that the Committee’s penalty was too lenient in light of seriousness of petitioner’s offense. The present CPLR article 78 proceeding ensued.
We agree with the Appellate Division that, having found the Hearing Committee’s penalty to be inadequate, the Administrative Review Board possessed the authority to impose a more severe sanction of its own without the need to remit the matter *830 to the Committee. Public Health Law § 230-c (4) (b), which requires the Board to "review * * * whether or not the penalty is appropriate,” does not contain language suggesting that the Board lacks the power to remedy the situation itself when it deems a penalty imposed by the Committee inappropriate. Moreover, the provision is part of a statutory scheme that was enacted in 1991 " '[t]o improve the efficiency of the * * * disciplinary process’ ” (Matter of Wolkoff v Chassin, 89 NY2d 250, 253 [decided herewith]; see, Mem of State Exec Dept, 1991 McKinney’s Session Laws of NY, at 2077; L 1991, ch 606). It would frustrate this legislative goal if section 230-c were construed to require the Board to remit to the Committee after having found the sanction imposed by the Committee inappropriate.
We also reject petitioner’s argument that the Board should not have increased his penalty sua sponte on his appeal from the Hearing Committee’s determination. The applicable statutory provisions require the Board to review disciplinary penalties for "appropriateness” — a formulation suggesting a level of discretionary authority broad enough to include the power to take sua sponte action when a misconduct case is brought to the Board through the section 230-c appeal mechanism. Further, contrary to petitioner’s contentions, due process does not preclude the Board from using the occasion of a disciplined professional’s appeal to increase the severity of a sanction imposed below (cf., Matter of Shilling, 51 NY2d 397).
We have examined petitioner’s remaining contentions and find them to be without merit.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
Judgment affirmed, with costs, in a memorandum.