■ In the Matter of Lorenzo T. Teruel, Petitioner, v Barbara DeBuono, as Commissioner of the New York State Department of Health, et al., Respondents. [664 NYS2d 381] —Peters, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

A surgeon and otolaryngologist, petitioner was licensed to practice medicine in New York in 1968. In July 1995, due to petitioner's conviction of one count of Medicare fraud in violation of 42 USC § 1320a-7b (a) (3), respondent Bureau of Professional Medical Conduct (hereinafter the BPMC) charged petitioner with professional misconduct for having been convicted of committing an act constituting a crime under Federal law in violation of Education Law § 6530 (9) (a) (ii).

At the administrative fact-finding hearing held on September 20, 1995, neither petitioner nor respondents called any witnesses. The BPMC introduced evidence documenting petitioner's conviction referenced in the statement of charges and his plea of guilty to grand larceny in the third degree in Supreme Court in May 1986.* Although petitioner did not object to any of the evidence introduced by the BPMC, he did disagree with the BPMC's contention that his medical license should now be revoked. Petitioner proposed that his license be restricted and his practice limited to the Buffalo Veterans' Administration Medical Center (hereinafter VA Center) since there was no likelihood of billing problems involving Medicare or Medicaid at that facility. Petitioner's counsel advised that petitioner had intended to testify but had been led to understand, prior to the hearing, that on the basis of the documentary evidence the BPMC would agree to recommend the restriction he suggested.

The BPMC's counsel did not agree. After advising that he wished to clarify certain information by having petitioner's counsel respond to certain questions in lieu of direct testimony, it was confirmed that petitioner had been in private practice until approximately one year prior to the hearing, that in that capacity he was a member of Individual Practice Plan of Buffalo, and that after an audit of that plan petitioner's participation had been terminated. Counsel for petitioner further confirmed that petitioner's appeal pertaining to that termination was denied and that he was suspended from the program for six months.

The BPMC's counsel made a brief but deliberate closing statement as to why a stronger penalty than that proposed by petitioner was appropriate. Characterizing this petitioner as a "twice-convicted felon" who committed his second crime while

---

* This earlier felony conviction stemmed from petitioner's admission that he knowingly billed the New York State Medical Assistance Program for services which he did not perform. As a result of this conviction, the Education Department found petitioner guilty of professional misconduct and suspended his medical license for five years, stayed such suspension and placed him on probation.

on probation, counsel sought license revocation as the appropriate penalty.

The Hearing Committee of the BPMC sustained the factual allegations and specifications, noting that petitioner never denied that he was convicted as charged but rather, by way of mitigation, contended that he had no knowledge of the billings which formed the basis of the conviction. The Hearing Committee concluded that petitioner "was convicted of what amounts to lying to the government about services rendered. He continued his practice of lying to the government by testifying falsely at this hearing." Reasoning that the proposed limitation on his practice was significant, that he was close to the traditional age of retirement and that there was no evidence of clinical misconduct or incompetence, the Hearing Committee limited petitioner's license as requested.

The BPMC, pursuant to Public Health Law § 230-c (4) (a), appealed to the Administrative Review Board (hereinafter ARB), contending that the limitation of petitioner's practice to the VA Center neither protected the public nor deterred future misconduct. The ARB sustained the Hearing Committee's determination that petitioner was guilty of professional misconduct, but overturned the finding that he testified falsely at the hearing and that the appropriate penalty was a limitation of his practice to the VA Center. Concluding that petitioner's repeated deceitful conduct warranted a revocation of his license, this CPLR article 78 proceeding ensued.

Petitioner contends that the ARB based its determination on findings of misconduct to which he had no notice or opportunity to be heard since the only charge referenced in the "notice of referral proceeding" detailed his 1994 conviction for Medicaid fraud. Mindful that charges in administrative proceedings "need only be reasonably specific, in light of all the relevant circumstances, to apprise the party whose rights are being determined of the charges against him * * * and to allow for the preparation of an adequate defense" (*Matter of Block v Ambach*, 73 NY2d 323, 333 [citation omitted]), this record reveals that petitioner did not object to the admission of documentary evidence concerning his previous convictions. Since prior misconduct is a relevant consideration in determining the appropriateness of a penalty (*see, Matter of Lupovici v Sobol*, 223 AD2d 753, 754), we find no error which would amount to a denial of due process.

Moreover, we cannot conclude that the ARB's determination was arbitrary or capricious, affected by an error of law or an abuse of discretion (*see, Matter of Chua v Chassin*, 215 AD2d

953, 954-955, *lv denied* 86 NY2d 708). Considering petitioner's two prior convictions for fraud, with at least one criminal act occurring while he was on probation, we find the determination to be supported by substantial evidence.

As to the penalty, we are reminded that the ARB is empowered to substitute its judgment for that of the Hearing Committee and impose a more serious sanction (*see, Matter of Kabnick v Chassin*, 89 NY2d 828; *Matter of Chua v Chassin, supra*, at 954-955). Upon review, we may "set aside a determination by an administrative agency * * * if the measure of punishment or discipline imposed is so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness" (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 233). Since we have consistently held that license revocation is an appropriate penalty when a licensed professional is convicted of defrauding the Medicaid system—a clear violation of the public trust—we find no basis to disturb the determination rendered (*see, Matter of Kabnick v Chassin*, 223 AD2d 935, *affd* 89 NY2d 828; *Matter of Sokol v New York State Dept. of Health*, 223 AD2d 809, *appeal dismissed* 87 NY2d 1054; *Matter of Abbasi v Chassin*, 219 AD2d 765; *Matter of Sabuda v New York State Educ. Dept.*, 195 AD2d 837).

The ARB's determination is confirmed in its entirety.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

