■ In the Matter of LORENZO M. MARGINI, Petitioner, v BARBARA DeBUONO, as Commissioner of the New York State Department of Health, et al., Respondents. [679 NYS2d 217] —Mercure, J. P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Hearing Committee of respondent State Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Petitioner, a licensed physician engaged in the practice of psychiatry, pleaded guilty to a single count of offering a false instrument for filing in the first degree (Penal Law § 175.35) based upon his acknowledgment that he had overbilled Medicaid over a three-year period. The guilty plea was entered as part of a plea bargain that also provided for a sentence of five years' probation and payment of $300,000 in restitution. Respondent State Board for Professional Medical Conduct charged petitioner with professional misconduct on the basis of the criminal conviction (*see*, Education Law § 6530 [9] [a] [i]) and a hearing was held on the limited issue of the nature and severity of the penalty to be imposed (*see*, Public Health Law

§ 230 [10] [p]). A Hearing Committee of the Board voted unanimously to sustain the charge of misconduct against petitioner and by a vote of 2 to 1 revoked petitioner's license to practice medicine on the basis of petitioner's "admi[ssion] to a persistent pattern of fraud in [overbilling Medicaid] which was egregious in scope", a determination challenged in this CPLR article 78 proceeding.

In our view, the contentions advanced by petitioner are devoid of merit. First, there is no evidence in the record to support petitioner's conjecture that the Hearing Committee's assessment of the severity of his offense was "measured *solely*" (emphasis petitioner's) by the amount of restitution fixed in connection with the disposition of the underlying criminal charge. Petitioner had the opportunity to present evidence that his fraudulent billings amounted to less than the $300,000 he agreed to repay and there is no reason to believe that the Hearing Committee did not give due consideration to his contentions in that regard.

We are similarly unpersuaded that the Hearing Committee failed to consider "[p]etitioner's unique contribution to the public interest [which] would be lost to the community he served" upon the revocation of his license. To the contrary, the Hearing Committee appears to have concluded that the factors favoring a penalty short of revocation were simply outweighed by the gravity of petitioner's offense. Patently, "license revocation is an appropriate penalty when a licensed professional is convicted of defrauding the Medicaid system—a clear violation of the public trust" (*Matter of Teruel v DeBuono*, 244 AD2d 710, 713; *see, Matter of Kabnick v Chassin*, 223 AD2d 935, *affd* 89 NY2d 828; *Matter of Sokol v New York State Dept. of Health*, 223 AD2d 809, *appeal dismissed* 87 NY2d 1054; *Matter of Abbasi v Chassin*, 219 AD2d 765).

As a final matter, the record discloses no bias affecting the Hearing Committee's determination (*see, Matter of Hughes v Suffolk County Dept. of Civ. Serv.*, 74 NY2d 833, 834; *Matter of Moss v Chassin*, 209 AD2d 889, 890, *lv denied* 85 NY2d 805, *cert denied* 516 US 861). Petitioner's remaining contentions have been considered and found to be lacking in merit.

Crew III, Yesawich Jr., Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.