■ In the Matter of STANLEY WOLFSON, Petitioner, v BARBARA A. DEBUONO, as Commissioner of the New York State Department of Health, et al., Respondents. [681 NYS2d 878] —Graffeo, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Hearing Committee of the State Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Petitioner, a radiologist, was charged by respondent Bureau of Professional Medical Conduct (hereinafter the BPMC) with professional misconduct for violations of Education Law § 6530 (2), (20) and (21). The charges alleged that from January 1, 1988 through February 1, 1990 petitioner submitted false claims to the Medicaid program for reimbursement for ultrasound services. Prior to the BPMC's charges in May 1995, petitioner had pleaded guilty to one count of grand larceny in the second degree for defrauding the Medicaid system of over $50,000. Petitioner was later sentenced to 90 days' incarceration and ordered to pay restitution in the amount of $350,000. Supreme Court, however, stayed the execution of his sentence to allow him to continue working in order to make periodic restitution payments, provided he did not render Medicaid services.

In August 1997, an administrative fact-finding hearing was conducted before a Hearing Committee of the State Board for Professional Medical Conduct. The BPMC introduced a certified copy of the plea allocution, without objection, in which petitioner pleaded guilty to grand larceny in the second degree. For purposes of the hearing, the parties stipulated to the facts, including an admission that petitioner defrauded the Medicaid system. The Hearing Committee issued its decision in October 1997 and ordered an immediate revocation of petitioner's license to practice medicine in New York. Thereafter, petitioner commenced this CPLR article 78 proceeding to review the Hearing Committee's determination.

Petitioner does not challenge the Hearing Committee's determination to revoke his professional license, but argues that the penalty should have been suspended to enable him to pay the balance of restitution in connection with his criminal case. We disagree. An administrative penalty of license revocation may be set aside only if the punishment is so disproportionate to the offense " 'as to be shocking to one's sense of fairness' " (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 233, quoting *Matter of Stolz v Board of Regents*, 4 AD2d 361, 364; *see, Matter of Chua v Chassin*, 215 AD2d 953, *lv denied* 86 NY2d 708;

*Matter of Adler v Bureau of Professional Med. Conduct*, 211 AD2d 990). Here, in light of petitioner's admission that he fraudulently billed the Medicaid system, thereby violating the public trust, we decline to disturb the penalty rendered (*see, Matter of Teruel v DeBuono*, 244 AD2d 710; *Matter of Kabnick v Chassin*, 223 AD2d 935, *affd* 89 NY2d 828; *Matter of Sokol v New York State Dept. of Health*, 223 AD2d 809, *appeal dismissed* 87 NY2d 1054; *Matter of Hidalgo v Sobol*, 176 AD2d 984).

Petitioner's reliance upon Supreme Court's decision to adjourn imposition of petitioner's criminal sentence to permit him to continue making restitution payments from revenues received from his medical practice is misplaced. Although we recognize the utility of furthering restitution efforts, the Hearing Committee is responsible for disciplining petitioner for professional misconduct and is not compelled to implement Supreme Court's remedy (*see, Matter of Hidalgo v Sobol, supra*). In light of these circumstances which involved petitioner's fraudulent conduct and the serious harm which resulted to the Medicaid system, we find that the Hearing Committee's imposition of immediate revocation did not exceed its discretion or violate lawful procedure in assigning greater importance to its penalty than restitution (*cf., Matter of Teruel v DeBuono, supra*; *cf., Matter of Gupta v DeBuono*, 229 AD2d 58; *Matter of Glassman v Commissioner of Dept. of Health of State of N. Y.*, 208 AD2d 1060, *lv denied* 85 NY2d 801).

Cardona, P. J., Mercure, White and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.