■ In the Matter of ELEONORA ZHAROV, Petitioner, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [772 NYS2d 111]—

Kane, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Hearing Committee of the State Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Petitioner, a physician licensed to practice medicine in New York, pleaded guilty to the crime of insurance fraud in the fourth degree. The charge was based on petitioner's filing of a fraudulent medical report with an insurance company. Following her plea, the State Board for Professional Medical Conduct charged petitioner with professional misconduct in violation of Education Law § 6530 (9) (a) (i) (*see* Public Health Law § 230 [10] [p]). The Hearing Committee sustained the charge of misconduct and revoked petitioner's medical license. Petitioner commenced this proceeding seeking to annul the portion of the Hearing Committee's order that revoked her license.

We will not disturb the penalty imposed, as we do not find it so disproportionate to the offense as to shock one's sense of fairness (*see Matter of Wahba v New York State Dept. of Health*, 277 AD2d 634, 636 [2000]; *Matter of Wolfson v De Buono*, 256 AD2d 939, 939 [1998]). "[T]his Court has consistently upheld the penalty of revocation in cases involving criminal convictions for insurance fraud" (*Matter of Bing Tang v DeBuono*, 235 AD2d 745, 746 [1997]; *see Matter of Margini v DeBuono*, 255 AD2d 639, 640 [1998]; *Matter of Singla v New York State Dept. of Health*, 229 AD2d 798, 800 [1996], *lv denied* 89 NY2d 809 [1997]).

Petitioner's insurance fraud violated the public trust (*see Matter of Margini v DeBuono, supra* at 640). In mitigation, petitioner argues that she received no financial gain. Lack of financial gain or absence of patient harm do not preclude a penalty of license revocation (*see Matter of Carloni v DeBuono*, 245 AD2d 970, 972 [1997]). Petitioner's argument that other physicians have received more lenient penalties is similarly unpersuasive. Each matter must be judged on its own facts and circumstances (*see Matter of Moon Ho Huh v New York State Dept. of Health*, 256 AD2d 933, 935 [1998]). Despite petitioner's

repeated assertion that she took responsibility for her actions, she consistently testified at the hearing that someone else prepared the insurance form, she submitted it without carefully reviewing it and it was just a mistake. This testimony was contradicted by her criminal court plea allocution, attesting that she submitted a consultation report she prepared which embellished a patient's injuries, and she pleaded guilty to a felony which required her to act "knowingly and with intent to defraud" (Penal Law §§ 176.05, 176.15). Petitioner's unwillingness to acknowledge her intentional involvement in the insurance fraud is a significant factor in assessing an appropriate penalty (*see Matter of Singla v New York State Dept. of Health, supra* at 800). Considering the facts and circumstances of this case, we cannot conclude that the penalty of license revocation is shocking to our sense of fairness (*see Matter of Bing Tang v DeBuono, supra*).

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.