■ In the Matter of RICHARD J. GENCO, Petitioner, v RICHARD P. MILLS, as Commissioner of Education of the State of New York, et al., Respondents. [813 NYS2d 270]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Education Law § 6510 [5]) to review a determination of respondent Board of Regents which revoked petitioner's license to practice dentistry in New York.

Petitioner was licensed to practice dentistry in New York in 1992. In August 2002, he pleaded guilty to grand larceny in the third degree, acknowledging during the plea colloquy that between December 1997 and March 2001 he had submitted false

claims for more than $50,000 in Medicaid reimbursements. The Office of Professional Discipline of the Department of Education filed a statement of charges in October 2003 seeking a disciplinary penalty based upon petitioner's criminal conviction (*see* Education Law § 6509 [5] [a] [i]). Following a hearing, the Regents Review Committee recommended that petitioner's license be revoked. The Board of Regents accepted the Regents Review Committee's findings and ordered that petitioner's license to practice dentistry be revoked. This proceeding by petitioner ensued.

Petitioner argues that the penalty of revocation was inappropriate under the circumstances. The penalty in a disciplinary proceeding governed by the Education Law rests within the discretion of the reviewing agency and will not be disturbed unless it is so disproportionate to the offense as to shock one's sense of fairness (*see Matter of Richstone v Novello,* 284 AD2d 737, 739 [2001]; *Matter of O'Keefe v State Bd. for Professional Med. Conduct,* 284 AD2d 694, 697 [2001], *lv denied* 96 NY2d 722 [2001]). We have repeatedly upheld license revocation when a professional violates the public trust by engaging in criminal conduct that defrauds the Medicaid system (*see Matter of Wolfson v DeBuono,* 256 AD2d 939, 939-940 [1998]; *Matter of Teruel v DeBuono,* 244 AD2d 710, 713 [1997]; *Matter of Kabnick v Chassin,* 223 AD2d 935, 937 [1996], *affd* 89 NY2d 828 [1996]; *Matter of Abbasi v Chassin,* 219 AD2d 765, 765-766 [1995]; *Matter of Sabuda v New York State Educ. Dept.,* 195 AD2d 837, 838 [1993]). While petitioner provided the Board with copies of other professional disciplinary proceedings involving Medicaid fraud in which the Board imposed a penalty less than revocation, those prior matters are not binding since each disciplinary case must be decided on its particular facts (*see Matter of Zharov v New York State Dept. of Health,* 4 AD3d 580, 580 [2004]), and "[t]he fact that others found guilty of similar transgressions may have received lighter sanctions does not automatically justify a modification" (*Matter of Silberspitz v Sobol,* 206 AD2d 582, 582 [1994], *lv denied* 84 NY2d 810 [1994]). Upon review of this record, we are unpersuaded that revocation of petitioner's license rises to the level of a shock to one's sense of fairness.

Finally, we note that the record does not support petitioner's contention that, when deciding on a penalty, the Board improperly weighed evidence of a consent order in which he admitted a specification of gross negligence in a separate matter.

Mercure, J.P., Peters, Carpinello and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.