■ In the Matter of AJAY BAMAN, Also Known as AJAYKUMAR I. BAMAN, Petitioner, v STATE OF NEW YORK et al., Respondents. [925 NYS2d 710]—

Rose, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Education Law § 6510 [5]) to review a determination of respondent Board of Regents which revoked petitioner's license to practice dentistry in New York.

Petitioner pleaded guilty to the crime of grand larceny in the third degree based on allegations that, as a practicing dentist, he had committed Medicaid fraud over a number of years. After he paid $552,126.64 in restitution, he was sentenced to a five-year term of probation. Based on the conviction, respondent Board of Regents (hereinafter respondent) ultimately revoked petitioner's license to practice dentistry (*see* Education Law § 6509 [5] [a] [i]). This CPLR article 78 proceeding ensued.

Petitioner first contends that there is no basis for respondent's finding that he did not accept full responsibility for his wrongdoing. We cannot agree. The record includes the transcript of petitioner's plea allocution, during which Supreme Court (Berkman, J.) repeatedly expressed an unwillingness to accept petitioner's plea in light of his failure to acknowledge that the alleged crime was more than a clerical error. Similarly, in petitioner's testimony before the Regents Review Committee, his acknowledgment of deliberate action was equivocal and he again raised the suggestion that his conviction was due in part to a clerical error. Inasmuch as there is substantial evidence to support respondent's factual finding, we will not disturb it (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230-231 [1974]; *Matter of Ahneman v Board of Regents of Univ. of State of N.Y.*, 55 AD3d 1177, 1178 [2008]).

Nor do we find merit to petitioner's claim that respondent failed to comply with Correction Law article 23-A or Executive Law § 296 (15). Correction Law article 23-A was designed to eliminate bias against ex-offenders in obtaining employment or a license (*see Matter of Bonacorsa v Van Lindt*, 71 NY2d 605, 611 [1988]). It applies to convictions that predate an application for a license and has "no bearing on disciplinary proceedings against persons already licensed" (*Matter of Mosner v Ambach*, 66 AD2d 912 [1978]; *see* Correction Law § 751; *Matter of Pietranico v Ambach*, 82 AD2d 625, 626 [1981], *affd* 55 NY2d 861 [1982]). Executive Law § 296 (15), which prohibits governmental entities from denying a license or employment in violation of Correction Law article 23-A, is likewise inapplicable. Petitioner's reliance on the doctrine of equitable estoppel is also misplaced, as it "cannot be invoked against a governmental

agency to prevent it from discharging its statutory duties" (*Matter of Schorr v New York City Dept. of Hous. Preserv. & Dev.*, 10 NY3d 776, 779 [2008] [internal quotation marks and citation omitted]; *see Matter of Dagvadorj v DeFleur*, 70 AD3d 1275, 1280 [2010], *lv denied* 14 NY3d 712 [2010]).

As for the penalty, "[w]e have repeatedly upheld license revocation when a professional violates the public trust by engaging in criminal conduct that defrauds the Medicaid system" (*Matter of Genco v Mills*, 28 AD3d 966, 967 [2006]; *see Matter of Wolfson v DeBuono*, 256 AD2d 939, 939-940 [1998]; *Matter of Teruel v DeBuono*, 244 AD2d 710, 713 [1997]). Our review of this record reveals no basis to find that such a penalty is so disproportionate to the offense of Medicaid fraud as to shock one's sense of fairness (*see Matter of Zahl v Daines*, 63 AD3d 1314, 1316 [2009]; *Matter of Sabuda v New York State Educ. Dept.*, 195 AD2d 837, 838 [1993]; *Matter of Diamond v Sobol*, 145 AD2d 786, 788 [1988]). We have considered petitioner's remaining contentions and find them to be unavailing.

Mercure, J.P., Lahtinen, Kavanagh and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.