Rose, J.
Petitioner, a licensed practical nurse, pleaded guilty to petit larceny to satisfy charges against her for fraudulently obtaining unemployment benefits. She was sentenced to three years of probation and ordered to pay restitution in the amount of $17,860.50. The Office of Professional Discipline of respondent sought a disciplinary penalty against petitioner based on her criminal conviction (see Education Law § 6509 [5] [a] [i]) and, following a hearing, the Regents Review Committee recommended that her license be suspended for two years. The Board of Regents accepted the recommendation and this proceeding by petitioner ensued.
Petitioner limits her challenge to the appropriateness of the penalty. An administrative penalty is within the discretion of the reviewing agency and will not be disturbed unless it is so disproportionate to the offense as to shock one’s sense of fairness (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974]; Matter of Genco v Mills, 28 AD3d 966, 967 [2006]; Matter of Richstone v Novello, 284 AD2d 737, 739 [2001]). Here, although the Office of Professional Discipline advocated for a revocation of petitioner’s license, the Board determined that a significant suspension was warranted instead based on the amount of money stolen over a 10-month period, the lack of any direct relation between petitioner’s misconduct and her work as a nurse, and her genuine remorse. Although petitioner now argues that, in addition to these fac *945 tors, the economic impact of the suspension on her family should, be taken into consideration, the record reflects that the Board was aware of her financial situation. Under the circumstances, including petitioner’s admitted breach of the standards of honesty and integrity expected of a professional, we cannot conclude that the suspension of petitioner’s license was so disproportionate to her offense as to shock one’s sense of fairness (see Matter of Genco v Mills, 28 AD3d at 967; Matter of Gordon v Commissioner of Educ., 144 AD2d 839, 840 [1988]; Matter of Feuereisen v Axelrod, 100 AD2d 675, 676 [1984], lv denied 62 NY2d 605 [1984]).
Peters, P.J., McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.