McCarthy, J.
Petitioner was licensed to practice dentistry in New York in 1994. From 2005 to 2007, he treated employees of the Port Authority of New York and New Jersey and their family members and submitted claims to the Port Authority’s dental plan administrator. In 2010, the New York County District Attorney’s office determined that petitioner had submitted claims to that plan administrator between November 2005 and November 2007 for work that he did not perform or failed to complete. The District Attorney filed a misdemeanor complaint charging petitioner with petit larceny and he pleaded guilty to the charge in exchange for a conditional discharge, a $10,000 fine and restitution of $97,332 to the Port Authority.
As a result of his conviction, respondent Education Department charged petitioner with professional misconduct pursuant to Education Law § 6509 (5) (a) (i). The matter was referred directly to the Regents Review Committee (hereinafter RRC) for an expedited hearing to address only the issue of the nature and severity of the penalty (see Education Law § 6510 [2] [d]). Following a hearing, the RRC submitted its report to respondent Board of Regents of the University of the State of New York, recommending that petitioner’s license be revoked. As was its policy, the RRC did not provide either party with a copy *972 of its report and recommendation at that time. The Board adopted the EEC’s recommendation and revoked petitioner’s license, prompting this CPLE article 78 proceeding.
The penalty of revocation was not so disproportionate to the offense as to shock one’s sense of fairness. Penalties in disciplinary proceedings governed by the Education Law fall within the reviewing agency’s discretion, and courts will not disturb such penalties unless they are so disproportionate to the offenses as to shock one’s sense of fairness (see Matter of Genco v Mills, 28 AD3d 966, 967 [2006]). Prior matters are not binding as each disciplinary case must be decided on its own particular facts, and “[t]he fact that others found guilty of similar transgressions may have received lighter sanctions does not automatically justify a modification” (Matter of Silberspitz v Sobol, 206 AD2d 582, 582 [1994], lv denied 84 NY2d 810 [1994]; see Matter of Genco v Mills, 28 AD3d at 967). This Court has routinely upheld the penalty of revocation in previous cases concerning criminal convictions involving Medicaid or insurance fraud (see e.g. Matter of Baman v State of New York, 85 AD3d 1400, 1402 [2011]; Matter of Genco v Mills, 28 AD3d at 967; Matter of Zharov v New York State Dept. of Health, 4 AD3d 580, 580 [2004]). Additionally, the Board’s factual findings will not be disturbed if supported by substantial evidence (see Matter of Baman v State of New York, 85 AD3d at 1401).
Here, the Board relied on petitioner’s criminal conviction, which addressed his conduct over a two-year period and required the repayment of $97,332.* Petitioner asserts that he accepted responsibility and attempted to rectify the problem by hiring a new office manager to handle patient billing, and he now only bills insurance companies after services are completed. Yet his new office manager testified that petitioner informed her that the reason he did not return the $97,332 was due to bad advice from counsel and that he did not know that he did anything wrong. The Board concluded that petitioner minimized the *973 extent of his culpability, attempting to characterize it as a billing error or confusion over insurance coverage, despite having pleaded guilty to a crime that is defined as wrongfully taking or withholding property from an owner with the intent to deprive another of the property or appropriate it to himself (see Penal Law §§ 155.05, 155.25; compare Matter of Baman v State of New York, 85 AD3d at 1401). Under the circumstances, we cannot say that the penalty of revocation shocks one’s sense of fairness (see Matter of Baman v State of New York, 85 AD3d at 1402; Matter of Genco v Mills, 28 AD3d at 967).
This Court has previously rejected the argument that a licensee is deprived of due process as a result of the RRC failing to provide a copy of its report and recommendations to the licensee prior to the Board’s consideration of the matter (see Matter of De Paula v Sobol, 191 AD2d 822, 825 [1993]; Matter of Beldengreen v Sobol, 175 AD2d 423, 424-425 [1991]; Matter of Eisenberg v Sobol, 156 AD2d 787, 789 [1989]). We have reviewed petitioner’s remaining contentions and find them to be without merit.
Peters, P.J., Rose and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

 Petitioner argues that this payment was voluntary, rather than court-ordered, and the amount may not be entirely related to his criminal overbilling. This argument is refuted by the record, including a cover letter from his counsel to the Port Authority accompanying the restitution check and stating that the plea was conditioned on receipt of restitution in that amount. At the time of petitioner’s plea, the prosecutor stated that the restitution had already been paid and Criminal Court mentioned restitution, when reciting the conditions of the plea agreement, and noted that it had already been paid. Additionally, at oral argument, counsel acknowledged that this amount constituted restitution agreed to as part of the plea agreement, yet still contended that part of the restitution amount may not have been related to petitioner’s criminal conduct. These contentions are unpersuasive and unsupported.