*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 26, 2015                 518148
_____

In the Matter of NIGEL JASON
    KIM,
                    Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

BOARD OF REGENTS OF THE STATE
    OF NEW YORK et al.,
                    Respondents.
_____

Calendar Date:   January 13, 2015

Before:   Peters, P.J., Rose, Egan Jr. and Clark, JJ.

                    _____


        Law Office of Michael S. Pollok, Red Hook (Michael S.
Pollok of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, New York City
(Bradford S. Glick of counsel), for respondents.

                    _____


Egan Jr., J.

        Proceeding pursuant to CPLR article 78 (initiated in this
Court pursuant to Education Law § 6510 [5]) to review a
determination of respondent Board of Regents which suspended
petitioner's license to practice dentistry in New York for two
years.

        In 2005, petitioner, a recently licensed dentist, began
working at a dental clinic in Brooklyn; many of the clinic's
patients were insured through New York's Medicaid program.
Thereafter, in 2010, petitioner was indicted and charged with
grand larceny in the first degree, insurance fraud in the first
degree, engaging in a medical assistance provider prohibited

practice in violation of Social Services Law § 366-d (2) (b) and (4) and conspiracy in the fourth degree. The charges stemmed from petitioner's participation in a scheme to defraud the Medicaid program by utilizing paid recruiters, known as "flyer guys," to solicit patients to receive dental services at the clinic in exchange for some form of remuneration and by entering into an illegal fee-splitting arrangement with non-dentists in the clinic's practice. Pursuant to a written plea agreement, petitioner pleaded guilty to grand larceny in the second degree and violating Social Services Law § 366-d (2) (b) and (4) with the understanding that, if he cooperated with the Attorney General in the prosecution of his codefendants, he would be permitted to withdraw his plea as to the larceny charge. Following petitioner's compliance with the terms of this agreement, petitioner's plea to grand larceny in the second degree was vacated, and he thereafter was sentenced – with respect to his conviction under the Social Services Law – to five years of probation and ordered to pay restitution in the amount of $200,000.

As a result of this conviction, respondent Office of the Professions, a division of respondent Department of Education, charged petitioner with professional misconduct pursuant to Education Law § 6509 (5) (a) (i). Following an expedited hearing, respondent Regents Review Committee found petitioner guilty of professional misconduct and recommended a two-year suspension of petitioner's license to practice dentistry in New York. Respondent Board of Regents adopted those findings and recommendation and suspended petitioner's license for two years. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge that determination.[1]

The sole argument raised by petitioner upon review is addressed to the severity of the penalty imposed. Specifically, petitioner contends that the underlying suspension fails to take into account, among other things, his cooperation in assisting the Attorney General in prosecuting his codefendants, his stated

---

[1] This Court denied petitioner's subsequent motion for a stay pending resolution of this proceeding.

remorse, his status as a new dentist in an established practice and his overall lack of awareness of the fact that the conduct in which he engaged actually constituted a crime. Petitioner further contends that the penalty imposed is disproportionate to that meted out to his codefendants and other similarly situated individuals.

"The standard of review [that] we must accord to penalty determinations in proceedings of this nature is highly deferential" and, therefore, the administrative penalty imposed will not be disturbed unless it is "so incommensurate with the [underlying] offense as to shock one's sense of fairness" (Matter of Singh v New York State Dept. of Health Bd. of Professional Med. Conduct, 74 AD3d 1391, 1393 [2010] [internal quotation marks and citations omitted]; see Matter of Yohanan v King, 113 AD3d 971, 972 [2014], appeal dismissed 23 NY3d 953 [2014], lv denied 24 NY3d 902 [2014]; Matter of Weeks v State Educ. Department/Univ. of the State of N.Y., 113 AD3d 944, 944 [2014]; Matter of Aptaker v Administrative Review Bd. for Professional Med. Conduct, 60 AD3d 1160, 1163 [2009], lv denied 12 NY3d 713 [2009]). Here, the Board expressly took into consideration many of the mitigating factors upon which petitioner now relies, including petitioner's cooperation with the Attorney General and his demonstrated remorse, as well as the fact that his conduct did not directly implicate patient care, that he did not submit claims for work not actually performed, that he was not convicted of larceny or fraud, that he is paying restitution in an amount greater than many of his codefendants and that his misconduct consisted solely of an illegal fee-splitting arrangement and "making small improper payments to patients." Although petitioner testified — and continues to emphasize — that he was unaware that such activities were criminal in nature, he readily acknowledged at the hearing that he was aware that "flyer guys" were retained to "lure" Medicaid patients into the clinic's practice (often by utilizing small cash payments) and that he knew that this activity "was wrong" and did not "seem[] kosher." Nonetheless, petitioner turned a blind eye to this activity for approximately four years, during which time he reaped the financial benefits of being employed at the clinic. In light of petitioner's misconduct, and taking into consideration the mitigating factors cited by petitioner, the gravity of the

underlying offense and the need to fashion a penalty that serves as a deterrent to other health professionals, we cannot say that the two-year suspension imposed by the Board is so disproportionate to petitioner's offense as to shock one's sense of fairness.  To the extent that petitioner contends that either his codefendants or other unrelated health professionals have received lesser penalties for similar misconduct, we need note only that the "penalties imposed in other [disciplinary] cases are irrelevant because each case must be judged on its own peculiar facts and circumstances" (Matter of Singh v New York State Dept. of Health Bd. of Professional Med. Conduct, 74 AD3d at 1394 [internal quotation marks and citations omitted]; see Matter of Yohanan v King, 113 AD3d at 972; Matter of Genco v Mills, 28 AD3d 966, 967 [2006]).  Accordingly, the underlying determination is confirmed.

Peters, P.J., Rose and Clark, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.




ENTER:

Robert D. Mayberger
Clerk of the Court