Matter of Epelboym v Board of Regents of the State of N.Y. (2019 NY Slip Op 05734)





Matter of Epelboym v Board of Regents of the State of N.Y.


2019 NY Slip Op 05734


Decided on July 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 18, 2019

526785

[*1]In the Matter of DMITRY EPELBOYM, Petitioner,
v
BOARD OF REGENTS OF THE STATE OF NEW YORK et al., Respondents.

Calendar Date: June 3, 2019

Before: Garry, P.J., Lynch, Clark, Devine and Aarons, JJ.


Garfunkel Wild, PC, Great Neck (John G. Martin of counsel), for petitioner.
Letitia James, Attorney General, Albany (James M. Hershler of counsel), for respondents.



MEMORANDUM AND JUDGMENT
Clark, J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Education Law § 6510 [5]) to review a determination of respondent Board of Regents revoking petitioner's license to practice dentistry in New York.
In 2012, petitioner — a dentist licensed in New York — pleaded guilty to scheme to defraud in the first degree. The conviction arose out of allegations that, between 2005 and 2011, petitioner billed private insurance companies for services claimed to have been performed in Manhattan, when they were in fact performed at his dental office in Brooklyn, for the purpose of receiving a higher reimbursement rate. He was sentenced to five years of probation and ordered to complete 300 hours of community service. At the time of sentencing, petitioner had paid $345,002.47 in restitution. As a result of the conviction, respondent Education Department charged petitioner with professional misconduct pursuant to Education Law § 6509 (5) (a) (i). Following a hearing, respondent Regents Review Committee unanimously recommended revocation of petitioner's dentistry license and the imposition of a $10,000 fine. Respondent Board of Regents (hereinafter the Board) adopted the Regents Review Committee's findings of fact and recommendation, revoked petitioner's license and imposed the recommended fine. This CPLR article 78 proceeding ensued.
Petitioner argues that revocation of his license was inappropriate under the circumstances. An administrative penalty falls within the discretion of the reviewing agency and will not be disturbed unless it is so disproportionate to the offense that it shocks one's sense of fairness (see Matter of Huang v Administrative Review Bd. for Professional Med. Conduct, 114 AD3d 1103, 1105 [2014]; Matter of Yohanan v King, 113 AD3d 971, 972 [2014], appeal dismissed 23 NY3d 953 [2014], lv denied 24 NY3d 902 [2014]; Matter of Weeks v State Educ. Department/Univ. of the State of N.Y., 113 AD3d 944, 944 [2014]). Although petitioner argues [*2]that a less severe penalty should have been imposed due to the presence of numerous mitigating factors, such as the absence of patient harm and the quality of care that he had provided his patients for 25 years, it is clear from the record that those factors were before the Board for consideration. Contrary to petitioner's contention, the Board's decision to revoke petitioner's license does not demonstrate that it ignored those alleged mitigating factors, but rather implies that such evidence was outweighed by, among other considerations, the gravity of petitioner's offense (see Matter of Huang v Administrative Review Bd. for Professional Med. Conduct, 114 AD3d at 1105; Matter of Margini v DeBuono, 255 AD2d 639, 640 [1998]). Additionally, the absence of patient harm does not preclude a penalty of license revocation (see Matter of Huang v Administrative Review Bd. for Professional Med. Conduct, 114 AD3d at 1105; Matter of Celestin v Novello, 43 AD3d 545, 546 [2007]; Matter of Zharov v New York State Dept. of Health, 4 AD3d 580, 580 [2004]).
Furthermore, the Board expressly found that petitioner did not accept responsibility for his conduct, despite petitioner's testimony to the contrary. Although petitioner submitted character evidence in the form of testimony and letters attesting to his integrity and fitness to practice dentistry, the Board noted that petitioner's character witnesses were unaware of the details of petitioner's conviction and some of the letters deflected petitioner's responsibility and claimed that the billing error was committed by an employee or was unbeknownst to petitioner. In addition, petitioner attempted to minimize the extent of his culpability by comparing the amount that he had received through his misconduct to the gross revenue of his dentistry practice. He attributed the fraud to a billing error, stating that he "had no other choice" but to plead guilty and that he did so upon the advice of his counsel solely to resolve the case. In our view, the record provides ample support for the Board's finding that petitioner did not accept responsibility. Considering all of the facts and circumstances of this case, we cannot conclude that revocation of petitioner's license is so disproportionate to petitioner's offense as to shock one's sense of fairness (see Matter of Huang v Administrative Review Bd. for Professional Med. Conduct, 114 AD3d at 1105; Matter of Yohanan v King, 113 AD3d at 972-973; Matter of Baman v State of New York, 85 AD3d 1400, 1402 [2011]; Matter of Celestin v Novello, 43 AD3d at 546). Inasmuch as petitioner contends that other health professionals have received lesser penalties for similar or more serious misconduct, we note that "the penalties imposed in other disciplinary cases are irrelevant because each case must be judged on its own peculiar facts and circumstances" (Matter of Kim v Board of Regents of the State of N.Y., 125 AD3d 1207, [2015] [internal quotation marks, brackets and citations omitted]; see Matter of Yohanan v King, 113 AD3d at 972; Matter of Genco v Mills, 28 AD3d 966, 967 [2006]). Accordingly, the Board's determination is confirmed.
To the extent that we have not addressed any of petitioner's remaining contentions, we have reviewed them and find them to be without merit.
Garry, P.J., Lynch, Devine and Aarons, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.