Matter of Allrich v Regents Review Comm. Off. of Legal Servs. (2020 NY Slip Op 00005)





Matter of Allrich v Regents Review Comm. Off. of Legal Servs.


2020 NY Slip Op 00005


Decided on January 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 2, 2020

525951

[*1]In the Matter of Jocelyne Allrich, Petitioner,
v
Regents Review Committee Office of Legal Services et al., Respondents.

Calendar Date: November 21, 2019

Before: Garry, P.J., Egan Jr., Lynch and Devine, JJ.


Zisholtz & Zisholtz, LLP, Mineola (William Mastrogiannis of counsel), for petitioner.
Letitia James, Attorney General, New York City (James M. Hershler of counsel), for respondents.



Egan Jr., J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Education Law § 6510 [5]) to review a determination of the Board of Regents, among other things, revoking petitioner's license to practice as a licensed practical nurse.
In February 2014, petitioner, a licensed practical nurse, was convicted of one count of scheme to defraud in the first degree and six counts of grand larceny in the third degree based upon her involvement in the operation of an unlicensed nursing school within the state. She was sentenced to a prison term of 1 to 4 years for her conviction of scheme to defraud and concurrent terms of 2 to 7 years for each conviction of grand larceny in the third degree.[FN1] In June 2015, the Office of Professional Discipline of respondent State Education Department initiated a disciplinary proceeding against petitioner based upon her criminal convictions (see Education Law § 6509 [5] [a] [i]). Following a July 2017 hearing, the Regents Review Committee (hereinafter the Committee) issued a report finding her guilty of misconduct and recommended the revocation of her nursing license and the issuance of a $10,000 fine. Upon review, the Board of Regents (hereinafter the Board) adopted the Committee's findings of fact, determination of guilt and penalty recommendation. Petitioner thereafter commenced this proceeding in this Court challenging the Board's determination.[FN2]
Petitioner contends that revocation of her license was not appropriate under the circumstances. We disagree. The imposition of an administrative penalty in a disciplinary proceeding pursuant to the Education Law "rests within the discretion of the reviewing agency and will not be disturbed unless it is so disproportionate to the offense as to shock one's sense of fairness" (Matter of Genco v Mills, 28 AD3d 966, 967 [2006]; see Matter of Epelboym v Board of Regents of the State of N.Y., 174 AD3d 1182, 1183 [2019]; Matter of Weeks v State Educ. Department/Univ. of the State of N.Y., 113 AD3d 944, 945 [2014]). Petitioner contends that the revocation of her license was "an unconscionable enhancement of sentence" inasmuch as she has already served a 2½-year prison sentence, one year of probation and been terminated from Medicaid as a result of her underlying criminal convictions. Moreover, she avers that nursing was her only form of employment and, at the time she committed the underlying crimes, she was not acting in her capacity as a licensed practical nurse. Even assuming that the operation of a fraudulent nursing school constituted misconduct separate and distinct from petitioner's duties as a licensed practical nurse, the imposition of a penalty following a finding of professional misconduct "need not be [directly] related to the practice of one's profession" (Matter of Gordon v Commissioner of Educ., 144 AD2d 839, 840 [1988]).
Moreover, in rendering its recommendation to the Board, the Committee expressly considered the length of petitioner's underlying prison sentence and the purported good that she did for the immigrant and nursing communities prior to engaging in the underlying criminal conduct. Nevertheless, the record makes plain that petitioner consciously engaged in a fraudulent scheme deliberately targeting a vulnerable immigrant population by intentionally deceiving them into devoting large sums of money, time and effort to obtain an education and training that was knowingly insufficient for them to be eligible to sit for the requisite licensure examination to obtain a nursing license. In doing so, the Committee concluded that petitioner demonstrated "a profound lack of decency and integrity, which cannot be tolerated in a licensed professional in this state, least of all a nurse, who regularly deals with vulnerable populations and who society must be able to trust." Petitioner's misconduct also created the potential of having underqualified and untrained applicants obtaining nursing licenses, effectively jeopardizing the public health and undermining the integrity of the nursing profession. Accordingly, under the circumstances, we do not find that revocation of petitioner's license and imposition of a $10,000 fine was so disproportionate to her underlying criminal conduct as to shock one's sense of fairness (see Matter of Epelboym v Board of Regents of the State of N.Y., 174 AD3d at 1183; Matter of Yohanan v King, 113 AD3d 971, 972-973 [2014], appeal dismissed 23 NY3d 953 [2014], lv denied 24 NY3d 902 [2014]; Matter of Weeks v State Educ. Department/Univ. of the State of N.Y., 113 AD3d at 945; Matter of Baman v State, 85 AD3d 1400, 1402 [2011]).
Petitioner's remaining arguments do not require extended discussion. Petitioner's contention that the Board engaged in an unlawful procedure in contravention of Education Law § 205 by not having a sufficient quorum when it rendered its vote and order revoking her license is not properly before us insofar as this issue was not raised in her petition (see Matter of Infinger v Venettozzi, 164 AD3d 1578, 1579 [2018]; Matter of Tomarken v State of New York, 100 AD3d 1072, 1076 [2012]; Matter of Kitchens v Fischer, 65 AD3d 1431, 1432 [2009]; Matter of White v Goord, 278 AD2d 694, 694 [2000]).[FN3] Similarly, petitioner waived any arguments with respect to the Board's failure to consider Correction Law §§ 752 and 753 in deciding to revoke her license, as she failed to raise these contentions at her administrative hearing (see Matter of Board of Coop. Educ. Servs. for Second Supervisory Dist. of Erie, Chautauqua & Cattaraugus Counties v University of State Educ. Dept., 40 AD3d 1349, 1350 [2007]; Matter of Hansen v McCall, 10 AD3d 832, 834 [2004]; Matter of Abraham v Board of Regents of State of N.Y., 216 AD2d 812, 812 [1995]).
Garry, P.J., Lynch and Devine, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Petitioner served 2½ years in prison and one year of probation.

Footnote 2: This Court denied petitioner's application for a stay of the penalty pending the outcome of her proceeding.

Footnote 3: To the extent that petitioner argued that the Board violated its own rules because it failed to establish that a majority of the Board voted in favor of revoking her license and imposing a fine, she failed to advance this argument in her brief to this Court and, therefore, has abandoned it (see Matter of Juan PP. v Sullivan, 168 AD3d 1297, 1299 [2019], lv denied 33 NY3d 904 [2019]; Matter of Cascino v Judges of the Albany County Ct., 95 AD3d 1458, 1460 [2012]; Matter of Wilson v Bezio, 93 AD3d 1053, 1053 [2012]).