Matter of Patel v New York State Educ. Dept. (2022 NY Slip Op 06849)

Matter of Patel v New York State Educ. Dept.

2022 NY Slip Op 06849

Decided on December 1, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 1, 2022

534256
[*1]In the Matter of Rita Patel, Petitioner,
v
New York State Education Department et al., Respondents.

Calendar Date:October 19, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Tilem & Associates, PC, White Plains (Peter H. Tilem of counsel), for petitioner.
Letitia James, Attorney General, New York City (James M. Hershler of counsel), for respondents.

Pritzker, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Board of Regents revoking petitioner's license to practice as a pharmacist in New York.
In November 2016, petitioner, a licensed pharmacist, was convicted by guilty plea of attempted criminal sale of a prescription of a controlled substance by a pharmacist (see Penal Law § 220.65). As a result of her conviction, the Office of Professional Discipline (hereinafter OPD) of respondent State Education Department charged petitioner with professional misconduct (see Education Law § 6509 [5] [a] [i]) and the matter was referred to the Regents Review Committee (hereinafter the Committee). Thereafter, in October 2018, OPD sent notice to petitioner that disciplinary penalties against her license to practice as a pharmacist were being requested based on this conviction. This notice alerted petitioner that the hearing would take place in December 2018 and told petitioner that she was permitted to submit a brief to the Committee, and had a right to appear in person, call witnesses and appear with counsel.
The matter was administratively adjourned for two months, and petitioner was notified as such. Petitioner's counsel then requested an adjournment for additional time to prepare and because petitioner was feeling "very ill" and was "not up to being able to appear" at the hearing. OPD opposed this request, citing, among other things, that petitioner's criminal case was delayed for three years because of petitioner's dilatory actions. Despite this opposition, the adjournment request was granted by the Committee, and the hearing was peremptorily adjourned. However, a Committee member stated that any successive Committee should "pay great attention to the record of adjournment requests and the challenge of engagement with [petitioner], both during the [litigation] phase and during this professional discipline phase." The Committee member further stated that, "except in the case of extraordinary circumstances, no further adjournments should be granted." However, on the scheduled hearing date, petitioner alerted the Committee that she had been informed two days prior that her counsel could no longer represent her. The Committee then granted petitioner's request for an adjournment to afford her one final opportunity to be represented by counsel. The Committee noted that the adjournment was not granted on the basis of any health issues petitioner raised and that petitioner had "ample time" to attend to her health issues prior to the hearing. Despite this, nine days before the hearing date, petitioner requested a further adjournment because she was not feeling well and did not have an attorney to represent her. The Committee denied this request, but advised petitioner that the hearing would proceed by videoconference. The next day, petitioner again requested an adjournment for the same reasons, which the [*2]Committee again denied. In response to petitioner's third request for an adjournment, the Committee again denied the request.
The Committee proceeded with the hearing, without petitioner in attendance, on the scheduled date in January 2021. OPD presented the detailed indictment, transcript of petitioner's criminal plea and sentencing and the certificate of disposition. A reply brief prepared by petitioner's previous counsel was also presented. Based upon these submissions, the Committee issued a report finding petitioner guilty of the charged misconduct and recommending the revocation of her pharmacist license. Respondent Board of Regents adopted the Committee's findings of fact, determination of guilt and penalty recommendation. Petitioner thereafter commenced this proceeding in Supreme Court and, upon stipulation, Supreme Court removed the matter to this Court pursuant to CPLR 325 (a).
Petitioner's primary contention is that the Committee's action of denying her requests to adjourn the hearing and proceeding in her absence was a violation of her due process rights. We disagree. Notably, "due process does not require that petitioner be present at the hearing. Rather, due process requires that notice of the charges be given and that the person accused be afforded the opportunity to respond" (Matter of Dorsey v Board of Regents, 87 AD2d 728, 728 [3d Dept 1982] [citations omitted]; see Matter of Rodriguez v State Bd. for Professional Med. Conduct, 110 AD3d 1268, 1269-1270 [3d Dept 2013]). To that end, the Committee granted petitioner's two previous adjournment requests and petitioner had sufficient notice of the January 2021 hearing date such that it cannot be said that petitioner's due process rights were violated. Collectively, petitioner had 27 months' time from her first notice in October 2018 to the final scheduled hearing in January 2021 to attend to her health issues and retain representation. Further, petitioner's hearing was virtual, allowing her greater flexibility to accommodate her health issues. Although petitioner argues that she was deprived of the opportunity to cross-examine witnesses, it should be noted that no witnesses were presented. Thus, inasmuch as petitioner had notice of the hearing and was afforded the opportunity to respond to the charges against her, there was no due process violation (see Matter of Dorsey v Board of Regents, 87 AD2d at 728). Furthermore, we do not find the Committee's failure to agree to a further adjournment arbitrary and capricious and, indeed, it was wholly reasonable under the circumstances. We find petitioner's additional assertion, that the State Education Department's adoption of the Board's recommendation was arbitrary and capricious and an abuse of discretion, wholly lacking in merit for the same reasons.
Finally, we do not find the penalty of revocation disproportionate. It is well settled that "[a]n administrative penalty falls within the discretion of the reviewing agency and will not [*3]be disturbed unless it is so disproportionate to the offense that it shocks one's sense of fairness" (Matter of Epelboym v Board of Regents of the State of N.Y., 174 AD3d 1182, 1183 [3d Dept 2019]; see Matter of Yohanan v King, 113 AD3d 971, 972 [3d Dept 2014], appeal dismissed 23 NY3d 953 [2014], lv denied 24 NY3d 902 [2014]). Here, by pleading guilty, petitioner admitted to committing a very serious crime directly related to her license to practice as a pharmacist. Although petitioner's brief before the Committee described in detail the devastating effect the license revocation had on her personal life, the Committee noted that petitioner did not currently express remorse and had also failed to do so during the pendency of the criminal matter. Moreover, the Committee noted that petitioner's conduct was "in contravention of her professional responsibilities and endangered the public health"[FN1] and that petitioner did not give "any assurance, much less a credible assurance, that she would not commit further unlawful conduct in the future." Given the foregoing, the penalty of license revocation is not so disproportionate to the offense as to be shocking to one's sense of fairness, especially given petitioner's failure to take responsibility for her actions (see Matter of Epelboym v Board of Regents of the State of N.Y., 174 AD3d at 1184). Moreover, lesser penalties imposed in other disciplinary proceedings "are irrelevant because each case must be judged on its own peculiar facts and circumstances" (Matter of Epelboym v Board of Regents of the State of N.Y., 174 AD3d at 1184 [internal quotation marks and citations omitted]; see Matter of Yohanan v King, 113 AD3d at 972).
Egan Jr., J.P., Clark, Reynolds Fitzgerald and Ceresia, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: Indeed, the crime involved illegal dissemination of oxycodone, a highly addictive and dangerous opioid that has ruined many lives and caused enumerable fatalities in the United States (Centers for Disease Control and Prevention, https://
www.cdc.gov/opioids/basics/prescribed.html).